# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02640-REB

WYERS PRODUCTS GROUP, INC. a Colorado corporation,

    Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

    Defendant.

---

## MOTION TO AMEND CASE CAPTION OR, IN THE ALTERNATIVE, TO JOIN PHILIP W. WYERS AS CO-PLAINTIFF

---

Plaintiff Wyers Products Group, Inc. ("Wyers Products") by and through counsel, respectfully submits this Motion to Amend Case Caption or, in the alternative, to Join Philip W. Wyers as Co-Plaintiff and, in support, states as follows:

Pursuant to **D.C.COLO.LCivR 7.1(A)**, undersigned counsel certifies that they met and conferred with counsel for defendant Cequent Performance Products, Inc. ("Cequent") regarding the relief requested herein. Cequent opposes such relief.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Undersigned counsel filed the Complaint and Jury Demand ("Complaint") in this patent infringement case on October 5, 2012 [#1]. The Complaint alleged both Philip W. Wyers ("P. Wyers") and Wyers Products as plaintiffs in this action. *Id.* ¶¶ 3, 4. However, the caption contained in the Complaint erroneously identified only Wyers Products as plaintiff, omitting P. Wyers. *See id.* After learning that the defendant

initially had been identified incorrectly, a First Amended Complaint and Jury Demand ("First Amended Complaint") was filed which correctly identified defendant Cequent [#13]. As with the Complaint, the First Amended Complaint alleged both P. Wyers and Wyer Products as plaintiffs in this action. *See id.* ¶¶ 3, 4. Again, however, the First Amended Complaint erroneously omitted P. Wyers from the caption. *See id.*

As a result of the error in omitting P. Wyers from the case caption in the Complaint, this case was docketed by the Clerk of Court with only Wyers Products as plaintiff. To correct this error, counsel for Wyers Products and P. Wyers contacted counsel for Cequent to obtain their position on a motion to amend the case caption to include both Wyers Products and P. Wyers as plaintiffs.

In response, Cequent's counsel requested time to confer with Cequent. Cequent then filed a separate lawsuit in the U.S. District Court for the Eastern District of Michigan naming Wyers Products and P. Wyers as defendants and asserting, in essence, the claims it is likely to raise as counterclaims in this case. *See* **Exhibit 1**, Docket from Case No. 2:13-cv-10065-AJT-PJK (E.D. Mich. Jan. 8, 2013). After filing a separate lawsuit in its home state, Cequent responded to undersigned counsel that it opposes any amendment that would add P. Wyers as a plaintiff in this action.

Cequent has not served process on Wyers Products or P. Wyers in the case it filed in the Eastern District of Michigan, nor has Cequent's counsel contacted undersigned counsel regarding that suit. However, Cequent announces in its complaint in that action that it will seek to dismiss this lawsuit under Rule 12(b)(1). **Exhibit 2**,

Cequent's Complaint filed in E.D. Mich. at ¶ 39. Indeed, Cequent has filed an unmeritorious motion to dismiss for lack of standing in this action [#23].

Cequent's commencement of a cumulative action in the Eastern District of Michigan is forum shopping that seeks to thwart Plaintiffs' choice of forum. Wyers Products will file a response brief addressing Cequent's motion to dismiss under the schedule provided in the Local Rules. As discussed briefly below, however, that motion lacks merit because, among other reasons, Wyers Products had constitutional standing (at minimum) to sue when the Complaint was filed.

II.     **MOTION TO AMEND CAPTION OR JOIN P. WYERS AS CO-PLAINTIFF**

The case caption should be amended to reflect that P. Wyers is a co-plaintiff to this action. In the alternative, if the Court deems it necessary, P. Wyers should be joined as a party and designated as a co-plaintiff. The reasons for this amendment are twofold: (1) P. Wyers jointly enforces intellectual property rights derived from his inventions with his company, Wyers Products, and intended to be a co-plaintiff in this case; and (2) with both Wyers Products and P. Wyers as plaintiffs, there will be no question at later stages of this litigation that the real parties in interest are present before the Court.

### A.     Amendment of the Caption is Proper to Cure a Simple Error

Amendment of the case caption to reflect that P. Wyers is a co-plaintiff is in the interest of judicial economy and comports with the intent of the parties. The sole reason that P. Wyers is not currently identified as a plaintiff is due to a simple error of counsel in failing to conform the case caption to the substantive allegations of the pleadings.

Accordingly, the Court should order that the case caption be amended so that both P. Wyers and Wyers Products are identified as plaintiffs.

Such an amendment is appropriate under the liberal federal policy in favor of amendment, and against forfeiture of claims or unnecessary and expensive re-pleading based on form over substance. Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 17, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3); *see also Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 774-75 (S.D.N.Y. 2011) (holding that Rule 17(a)(3) should be employed to substitute the correct entity owning the patent where such substitution does not alter the substance of the action). The Tenth Circuit employs Rule 17(a)(3) when an error in naming the correct party or parties was not undertaken as deliberate tactical maneuvering and the defendant was not substantially prejudiced by the mistake. *Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004).

In short, the Court is well within its authority to conform the case caption to mirror the substance of the pleadings and the intent of the plaintiffs – Wyers Products and P. Wyers. Doing so will ensure all interested parties are before the court and promote judicial economy.

### B. Joinder is Appropriate

To the extent that the Court deems it necessary to join P. Wyers as a plaintiff rather than simply amending the case caption, such joinder is clearly appropriate. P. Wyers is a Colorado resident within the Court's jurisdiction who desires to participate in this litigation as a plaintiff, and historically has jointly enforced the intellectual property he invented with his company, Wyers Products. *See* **Exhibit 3**, Declaration of Philip W. Wyers ¶ 11 ("Wyers Decl.").

There never has been a lack of standing that would warrant dismissal of this lawsuit.[1] To the contrary, Wyers Products unquestionably possesses standing to sue Cequent for damages arising from Cequent's infringement of the '115 and '121 patents at issue in this case. Wyers Products owns or, at minimum, is the exclusive licensee of such patents – such rights provide standing to sue.

P. Wyers founded Wyers Products in 1989 and has served as its President and key inventor ever since. Over the course of his employment by Wyers Products, P. Wyers has invented devices, apparatus and methods leading to the issuance of over twenty patents. Wyers Decl. ¶¶ 4-6. Wyers Products and P. Wyers have always understood and agreed that P. Wyers' innovation and invention was and is a key aspect of his job duties as President. *Id.* Quite simply, P. Wyers is the driving force behind the industry-leading, patented inventions manufactured, distributed, marketed and sold by Wyers Products – including those disclosed in the '115 and '121 patents. *Id.* ¶¶ 3-8.

---

[1] Notably, although not warranted here, any dismissal for lack of standing would be without prejudice and could be simply remedied by an immediate re-filing of this lawsuit.

Under Colorado law, which governs the question of patent ownership in this case,[2] P. Wyers' inventions belong to Wyers Products in the absence of an agreement to the contrary. As the court explained in *Scott System, Inc. v. Scott*, 996 P.2d 775, 778 (Colo. App. 2000), "[i]f an employee's job duties include the responsibility for inventing or for solving a particular problem that requires invention, any invention created by that employee during the performance of those responsibilities belongs to the employer." Such is the case here. *See* Wyers Decl. ¶¶ 3-8. Ownership of the rights to the inventions disclosed in the '115 and '121 patents transferred from P. Wyers to Wyers Products group by operation of Colorado law. *Scott Sys.*, 996 P.3d at 778. The Federal Circuit recognizes that assignment is not the sole method to transfer patent ownership; rather, transfer may occur by operation of law. *Akazawa v. Link New Tech. Int'l*, 520 F.3d 1354, 1356 (Fed. Cir. 2008); *Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1380 (Fed. Cir. 2009) ("transfer of patent ownership by operation of law is permissible without a writing").

While Colorado law dictates that Wyers Products owns the '115 and '121 patents, the Court need not reach that question in this case. Rather, it is indisputable that Wyers Products is, at minimum, an exclusive licensee of such patents.[3] Wyers Products has the exclusive right to manufacture and distribute products embodying the inventions disclosed in the '115 and '121 patents. Wyers Decl. ¶ 9. Neither P. Wyers

---

[2] Ownership of a patent is a question governed by state law. *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997).

[3] *See, e.g.*, *Rite-Hite Corp. v. Kelley Co., Inc.* 56 F.3d 1538, 1552 (Fed. Cir. 1995) (explaining that an exclusive licensee of a patent is a party that has received the patentee's "express or implied promise of exclusivity under the patent, *i.e.*, the right to exclude others from making, using, or selling the patented invention").

nor Wyers Products has ever licensed or conveyed such rights to any other party. *Id.* ¶¶ 9-10. As in this case, Wyers Products has consistently enforced its rights in patents invented by P. Wyers in prior litigation. *Id.* ¶ 11. Indeed, Cequent is aware of this fact, having pleaded in its misplaced Complaint that "In the *Master Lock* case, Products Group alleged that it 'is the exclusive licensee to the '115 Patent by virtue of an oral license from P. Wyers.'" **Ex. 2** at ¶ 36.

An exclusive licensee has constitutional standing to sue for patent infringement. *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264-65 (Fed. Cir. 2010) (collecting cases). Any defect in standing that exists where an exclusive licensee sues without the patentee as a co-plaintiff is merely a defect in prudential standing. *Id.* at 1265 n.1; *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (the general rule "that a patentee should be joined, either voluntarily or involuntarily, in any infringement suit brought by an exclusive licensee" is "prudential rather than constitutional in nature"). Defects in prudential standing may be cured by joinder of the appropriate party during the litigation. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) ("In circumstances where dismissal for lack of initial standing is not required, the Supreme Court held in *Caterpillar* that jurisdictional defects can be cured before judgment."); *see also*, *e.g.*, *Positive Techs., Inc. v. LG Display Co., Ltd.*, No. 2:07 CV 67, 2008 WL 4425372, *3 (E.D. Tex. Sept. 24, 2008) ("the Federal Circuit has recognized in on many occasions the ability to cure prudential standing defects post filing").

Consequently, to the extent that any defect in standing exists in this case, it can be cured by joining P. Wyers as a co-plaintiff. Rules 19 and 20 govern required and permissive joinder of parties. Under Rule 19(a), a person is required to be joined if the court cannot afford complete relief among existing parties in that person's absence or proceeding in that person's absence would impair their interest in the lawsuit, or expose other parties to double or inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(A)-(B). Persons are permitted to join an action as plaintiff if they assert any right to relief jointly arising from the same transaction or occurrence giving rise to the lawsuit, and a common question of law or fact will arise as to all plaintiffs. Fed. R. Civ. P. 20(a)(1). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966).

Without question, judicial economy and justice require that this action proceed without disruption and with all willing, interested and necessary parties. Under these long settled principles of law and equity, the Court should join P. Wyers as a party plaintiff. Cequent will not be prejudiced by the relief requested herein. Cequent has been on notice of the patent infringement claims at issue in this case since its inception; has always known of the parties asserting such claims (from the pleadings themselves); and no substantive changes to any of plaintiffs' pleadings are requested – only the simple addition of P. Wyers to the caption.

WHEREFORE, plaintiffs respectfully that the Court grant this motion; and enter an order instructing that all future pleadings in this matter shall identify both Wyers

Products Group, Inc. and Philip W. Wyers as co-plaintiffs and, if the Court deems it necessary, enter an order joining Philip W. Wyers as a party plaintiff to this action.

Date: February 15, 2013.

>Respectfully submitted,
>
>LATHROP & GAGE LLP
>
> s/ *Aaron P. Bradford*
>Aaron P. Bradford
>Alexander C. Clayden
>US Bank Tower
>950 17th Street, Suite 2400
>Denver, Colorado 80202
>Phone:   (720) 931-3200
>Fax:   (720) 931-3201
>Email:   abradford@lathropgage.com
>   aclayden@lathropgage.com
>
>*Attorneys for Plaintiff Wyers Product Group*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2013, I served the foregoing **MOTION TO AMEND CASE CAPTION OR, IN THE ALTERNATIVE, TO JOIN PHILIP W. WYERS AS CO-PLAINTIFF** via ECF which will send notification of such filing to the following:

David B. Cupar
Matthew J. Cavanagh
600 Superior Avenue East, Suite 2100
Cleveland, Ohio 44114
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Andrew J. Petrie
Featherstone Petrie DeSisto LLP
600 17th Street, Suite 2400 S
Denver, Colorado 80202
apetrie@featherstonelaw.com

>/s/*Linda Heersink*
>Linda Heersink