**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02640-REB-KMT

WYERS PRODUCTS GROUP, INC.,

      Plaintiff,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

      Defendant.

---

CEQUENT'S MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF ITS RULE 12(B)(1) MOTION

---

Cequent Performance Products, Inc. respectfully submits this motion to stay discovery pending a decision on Cequent's Rule 12(b)(1) motion to dismiss [#23].

In accordance with Local Rule 7.1, Cequent's counsel has conferred with counsel for Wyers Products Group, Inc. ("Products"), who opposes this motion.

## I. Background

In this case, Products has asserted two patents against Cequent. Products' complaint alleged that it owned both patents by "assignment" from Philip Wyers, the inventor on both patents. Cequent, however, learned that no written assignment existed—a statutory prerequisite to transfer a patent. 35 U.S.C. § 261 (requiring that assignments be "in writing"). On January 29, 2013, Cequent moved to dismiss this action under Rule 12(b)(1) for lack of subject matter jurisdiction based on Products' lack of standing. That motion [#23] was fully briefed on March 11, 2013, and is ripe for

{4314469:}

decision. To conserve the Court's and parties' resources, the Court should stay discovery until it decides whether Products has the standing required for this Court to have subject matter jurisdiction to proceed.

## II.    Law and Argument

### A.    Courts Stay Discovery For Good Cause

For good cause, the Court has discretion to stay discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *1-2 (D. Colo. Mar. 30, 2006) (granting stay to allow for ruling on motion to dismiss).

A discovery stay is especially appropriate when, as here, a motion to dismiss for lack of subject matter jurisdiction is pending because "[l]egal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation before incurring the burdens of discovery." *Gallegos v. City of Fort Lupton*, No. 12-cv-01594-MSK-MEH, 2012 WL 3759011, at *2 (D. Colo. Aug. 29, 2012), citing *Behrens v. Pelletier*, 516 U.S. 299, 308, 310 (1996); *see also Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (affirming stay of discovery pending decision on motion to dismiss challenging court's subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C.2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

Thus, Courts in this district have stayed discovery pending a decision on a motion to dismiss for lack of subject matter jurisdiction. *See, e.g., Carriker v. City and*

*County of Denver, Colo.*, No. 12-cv-02365-WJM-KLM, 2012 WL 5388134, at *1-2 (D. Colo. Nov. 2, 2012); *Orrick v. Midland Credit Mgmt., Inc.*, No. 11-cv-03133-PAB-KMT, 11-cv-03133-PAB-KMT, 2012 WL 3150575, at *1-2 (D. Colo. Aug. 2, 2012).

**B.    <u>There Is Good Cause For Staying Discovery Here</u>**

When deciding whether to stay discovery, the Court may consider the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2.

These factors strongly weigh in favor of a stay. As to the first factor, Products would not be prejudiced in anyway because it has no standing, and therefore no right to obtain discovery from Cequent. Products also would suffer no prejudice by waiting for a decision on the threshold jurisdictional question before engaging in costly discovery. No discovery deadline has been set. And time is not critical to Products. It waited for years to assert the two patents, which issued in 2004 and 2006, against Cequent.

As to the second factor, proceeding with discovery burdens—and prejudices—Cequent. It will incur a significant amount of cost and exert significant effort to search for, gather, review, and produce the broad range of documents and information that Products has requested with written discovery. Worse, proceeding with discovery would require Cequent to produce competitively-sensitive information—such as sales,

financial, engineering, and customer information—to its competitor Products that has no right, due to its lack of standing, to invoke legal process to obtain that information. That concern is heightened because, if Products lacks standing, then any protective order entered to protect Cequent's confidential information would be void and unenforceable. *See U.S. v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1309 (10th Cir. 1994) ("a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action"). If Cequent must hand over this sensitive discovery, it should only be required to do so once and only to the true owner of the asserted patents.

With regard to the third factor, it is more convenient for the Court to stay discovery, and avoid deciding discovery matters, until it decides whether subject matter jurisdiction exists for the case to proceed. *See Blixseth v. Cushman & Wakefield of Colorado, Inc.*, No. 12-cv-00393-PAB-KLM, 2012 WL 3962800, at *2 (D. Colo. Sept. 11, 2012).

The fourth factor is neutral as no third-party has an interest in whether discovery is stayed.

The fifth factor weighs in favor of a stay as the public has an interest in avoiding wasteful efforts by the Court. *See Bituminous Cas. Corp. v. Hartford Cas. Ins. Co.*, No.,12-cv-00043-WYD-KLM, 2012 WL 5567343, at *3 (D. Colo. Nov. 15, 2012).

## III.  Conclusion

For the foregoing reasons, the Court should stay all discovery until after it rules on Cequent's Rule 12(b)(1) motion.

{4314469:}                                                    - 4 -

Dated:   May 17, 2013

Respectfully submitted,

 s/ David B. Cupar
David B. Cupar
Matthew J. Cavanagh
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114
t 216.348.5730 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

Andrew J. Petrie
FEATHERSTONE PETRIE DESISTO LLP
600 17th Street, Suite 2400 S
Denver, Colorado 80202
t 303.626.7100
f 303.626.7101
apetrie@featherstonelaw.com

*Counsel for*
*Cequent Performance Products, Inc.*

{4314469:}

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2013, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following:

Andrew J. Petrie
FEATHERSTONE PETRIE DESISTO LLP
600 17th Street, Suite 2400 S
Denver, Colorado 80202
apetrie@featherstonelaw.com

*Counsel for*
*Cequent Performance Products, Inc.*

Aaron P. Bradford
LATHROP & GAGE, LLP
950 Seventeenth Street
Suite 2400
Denver, Colorado 80202
abradford@lathropgage.com
t 720.931.3214
f 720.931.3201

*Counsel for*
*Wyers Products Group, Inc.*


   s/ David B. Cupar
*Counsel for*
*Cequent Performance Products, Inc.*

{4314469:}