IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02640–REB–KMT

WYERS PRODUCTS GROUP, a Colorado corporation,

    Plaintiff,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

    Defendant.

---

**ORDER**

---

This matter is before the court on "Cequent's Motion to Stay Discovery Pending Resolution of its Rule 12(b)(1) Motion." (Doc. No. 43, filed May 17, 2013 [Mot. Stay].) Plaintiff Wyers Products Group ("Wyers Products") filed its Response on May 23, 2013 (Doc. No. 46) and Defendant Cequent Performance Products, Inc. ("Cequent") filed its Reply on May 28, 2013 (Doc. No. 51). For the following reasons, Cequent's Motion to Stay is GRANTED.

**BACKGROUND**

Wyers Product's First Amended Complaint (Doc. No. 13), filed November 6, 2012, alleges two claims against Cequent, pursuant to 35 U.S.C. § 271, for infringement and inducement of infringement of U.S. Patent 6,672,115 ("the '115 Patent") and U.S. Patent

7,121,121 ("the '121 Patent").  Wyers Products further alleges that Philip W. Wyers,[1] the inventor listed on the '115 and '121 Patents, exclusively assigned the patents to it.  (FAC ¶ 5.)

On January 29, 2013, Cequent filed a Motion to Dismiss Under Rule 12(b)(1) (Doc. No. 23 [Mot. Dismiss]) and Memorandum in Support (Doc. No. 24 [Memo. Dismiss].)  Therein, Cequent argues that this court lacks subject matter jurisdiction over Wyers Products claims because, contrary to the allegations in the First Amended Complaint, there has been no written assignment or transfer of ownership of the '115 and '121 Patent to Wyers Products and, therefore, Wyers Products lacks standing to prosecute this action.  (*See generally* Memo. Dismiss.)  As such, in its present Motion to Stay, Cequent argues that all discovery in this case should be stayed until the court resolves whether it has subject matter jurisdiction over Wyer Products's claims.  (*See* Mot. Stay.)

## ANALYSIS

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion.  *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936).  The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment,

---

[1] The parties dispute whether Mr. Wyers is also a plaintiff to this action.  This issue is the subject of Wyer Products's "Motion to Amend Case Caption or, in the Alternative, to Join Philip W. Wyers as Co-Plaintiff."  (Doc. No. 27, filed Feb. 15, 2013.)  As that motion is pending before District Judge Robert E. Blackburn, this court will not opine on that issue.

which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The underlying principle governing whether to grant or deny a stay is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, No. 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed.2010). Courts have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue. *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

Indeed, a lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels

of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge.  *Id.*  As such, decisions from this District have concluded that stays are generally *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted.  *See Weatherspoon v. Miller,* No. 11-cv-00312-REB-MEH, 2011 WL 1485935, at *2 (D. Colo. Apr. 19, 2011).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, *LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D.Kan. Aug. 6, 1987)).

Wyers Products argues that a stay is inappropriate because Cequent's dismissal arguments do not actually implicate the court's subject matter jurisdiction, but instead are "premised on, at best, a mere defect in prudential standing, which will be cured by joining Mr. Wyers under Rules 19 to 21."  (Resp. at 5.)  Consistent with this position, Wyers Products has filed a "Motion to Amend Case Caption or, in the Alternative, to Join Philip W. Wyers as Co-Plaintiff" in order to cure any standing deficiencies.  (Doc. No. 27, filed Feb. 15, 2013 [(hereinafter "Mot. Amend or Join"].)  Both Cequent's Motion to Dismiss and Wyer Products's

Motion to Amend or Join are pending before District Judge Robert E. Blackburn; thus, it is inappropriate for this court to weigh in on the proper resolution of these motions. Nevertheless, for purposes of resolving the present motion, the court finds that Cequent has lodged colorable arguments that the court lacks subject matter jurisdiction over Wyer's Products's claims due to the lack of a valid written assignment (*see generally* Mot. Dismiss), and that joining Mr. Wyers as a co-plaintiff would not cure this purported defect (Memo. Dismiss at 4 (quoting *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.,* 402 F.3d 1198, 1203 (Fed. Cir. 2005)) (where a plaintiff suing for patent infringement lacks constitutional standing, "'the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing, nor by the subsequent purchase of an interest in the patent in suit.").

Turning to the *String Cheese Incident* factors, the court acknowledges that Wyer Products has an interest in proceeding expeditiously with this case. However, the court finds that this interest is overcome by the burden Cequent might face if it were forced to proceed with discovery only to have the case dismissed for lack of subject matter jurisdiction. *Cf. String Cheese,* 2006 WL 894955, at *2 (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."). For similar reasons, the court finds its own convenience also favors a stay; any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction. *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an

eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation omitted).

Finally, the interests of non-parties and the public do not prompt the court to reach a different result. Therefore, having balanced the five *String Cheese* factors, the court finds that a stay of discovery is appropriate in this case. Accordingly, it is

ORDERED that "Cequent's Motion to Stay Discovery Pending Resolution of its Rule 12(b)(1) Motion" (Doc. No. 43) is GRANTED. All discovery in this matter is hereby STAYED pending ruling on "Cequent's Motion to Dismiss under Rule 12(b)(1)" (Doc. No. 23). The Scheduling Conference set for June 11, 2013 is VACATED. The parties shall file a joint status report within ten days of a ruling on Cequent's Motion to Dismiss to advise if the Scheduling Conference should be reset.

Dated this 7th day of June, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge