**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02640-REB-KMT

WYERS PRODUCTS GROUP, INC.,

      Plaintiff,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

      Defendant.

---

CEQUENT'S NOTICE OF NEW CASE RELEVANT TO
CEQUENT'S PENDING RULE 12(B)(1) MOTION TO DISMISS [#23]

---

      Cequent Performance Products, Inc. notifies the Court of a new complaint filed on July 2, 2013, in this district court against Cequent by Philip W. Wyers, the owner of the plaintiff in this case: Wyers Products Group, Inc. ("Products"). That new case is captioned *Philip W. Wyers v. Cequent Performance Products, Inc*., and has been docketed as Case No. 1:13-cv-01735-REB. The filing of that complaint is critically relevant to Cequent's pending Rule 12(b)(1) motion [#23] as it directly contradicts Products' opposition to Cequent's motion [#29] (the "Opp.").

      Here, Cequent moved to dismiss Products for lack of standing when it discovered that Mr. Wyers, the sole inventor on the two patents asserted by Products, never actually assigned those patents to Products, despite the complaint alleging that he had. (*See* Cequent's Br. in Supp. at 2, 6 [#24].) In opposition, Products admitted it had no written assignment (a statutory requirement for assigning a patent) but argued that it

obtained ownership of the patents from Mr. Wyers "by operation of law" because he had made the inventions while allegedly working for Products. (Opp. at 11-13; *see also* Pltf.'s Mot. to Amend Case Caption at 5-6 [#27].)

But Mr. Wyers now has filed – as the sole plaintiff – a patent infringement lawsuit against Cequent on the same two patents that Products says it owns in this case. These conflicting positions cannot be reconciled. By signing that new complaint, Mr. Wyers' attorneys (who are the same attorneys representing Products here), have certified that, to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," Mr. Wyers owns the patents and, therefore, has standing to sue on them in his own name. *See* Fed. R. Civ. P. 11(b). By filing this new complaint, Mr. Wyers necessarily admits that he (and not Products) owns the patents, and therefore that Products has an incurable lack of standing to proceed with this case. The Court should grant Cequent's motion and dismiss this case.


Dated:   July 10, 2013

Respectfully submitted,

  s/ David B. Cupar

| | |
|---|---|
| Andrew J. Petrie | David B. Cupar |
| FEATHERSTONE PETRIE DESISTO LLP | Matthew J. Cavanagh |
| 600 17th Street, Suite 2400 S | MCDONALD HOPKINS LLC |
| Denver, Colorado 80202 | 600 Superior Avenue, East, Suite 2100 |
| t 303.626.7100 | Cleveland, Ohio 44114 |
| f 303.626.7101 | t 216.348.5730 │ f 216.348.5474 |
| apetrie@featherstonelaw.com | dcupar@mcdonaldhopkins.com |
| | mcavanagh@mcdonaldhopkins.com |

*Counsel for*
*Cequent Performance Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2013, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following:

Andrew J. Petrie
FEATHERSTONE PETRIE DESISTO LLP
600 17th Street, Suite 2400 S
Denver, Colorado 80202
apetrie@featherstonelaw.com

*Counsel for*
*Cequent Performance Products, Inc.*

Aaron P. Bradford
LATHROP & GAGE, LLP
950 Seventeenth Street
Suite 2400
Denver, Colorado 80202
abradford@lathropgage.com
t 720.931.3214
f 720.931.3201

*Counsel for*
*Wyers Products Group, Inc.*


 s/ David B. Cupar
*Counsel for*
*Cequent Performance Products, Inc.*