IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 12-cv-02640-REB

WYERS PRODUCTS GROUP, a Colorado corporation,
PHILIP W. WYERS,

    Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

    Defendants.

## ORDER GRANTING MOTION TO AMEND CAPTION
## & DENYING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on (1) **Cequent's Motion To Dismiss Under Rule 12(b)(1)** [#23][1] filed January 29, 2013; and (2) the plaintiff's **Motion To Amend Case Caption or, in the Alternative, To Join Philip W. Wyers as Co-Plaintiff** [#27] filed February 15, 2013. The parties filed responses [#29 & #33] and corresponding replies [#32 & #34] addressing both motions. The defendant filed a notice [#58], noting a new case it says is relevant to its pending motion to dismiss. I grant the motion to amend the caption, deny the motion for joinder as moot, and deny the motion to dismiss.

### I. JURISDICTION

This case arises under the patent laws of the United States. I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and § 1338(a) (patent).

---

[1] "[#23]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and thus may adjudicate only claims that the Constitution or Congress has given them authority to hear and determine.  ***Morris v. City of Hobart***, 39 F.3d 1105, 1110 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1960 (1995); ***Fritz***, 223 F.Supp.2d at 1199 (D. Colo. 2002).  The defendant, Cequent Performance Products, Inc., argues that plaintiff, Wyers Products Group, does not have standing to assert the patent infringement claims alleged in the complaint.  Absent a plaintiff with proper standing, the court does lacks subject matter jurisdiction over the plaintiff's claims.  ***See, e.g., Warth v. Seldin***, 422 U.S. 490, 501 - 502 (1975) (federal court's jurisdiction may be invoked only by a party with proper standing); ***Schlesinger v. Reservists Comm. to Stop the War***, 418 U.S. 208, 215 (1974) (absence of standing suffices to prevent invocation of power of federal judiciary by complaining party).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may consist of either a facial attack or a factual attack on the complaint.  ***Holt v. United States***, 46 F.3d 1000, 1002 (10th Cir. 1995).  Assuming Wyers Products Group is the only plaintiff in this case, Cequent's challenge is a factual attack on standing and, therefore, subject matter jurisdiction.  In this circumstance, I may consider the exhibits presented by the parties to resolve disputed jurisdictional facts under Rule 12(b)(1). ***Wheeler v. Hurdman***, 825 F.2d 257, 259 n. 5 (10th Cir.), ***cert. denied***, 484 U.S. 986 (1987).  Once standing is challenged, the plaintiff has the burden to demonstrate that it has standing. ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 561 (1992).

### III. FACTS

This case involves claims of patent infringement concerning patents referred to as the '115 patent and the '121 patent. In the original complaint [#1] and the amended complaint [#13], the sole plaintiff named in the caption is "Wyers Products Group, a Colorado corporation." In the opening line of the body of the original complaint [#1], Philip W. Wyers and Wyers Products Group are listed as plaintiffs. In the body of both the original and amended complaints, Philip W. Wyers is listed as a party and referred to as "P. Wyers." *Complaint* [#1], ¶ 3; *amended complaint* [#13], ¶ 3. In both complaints, it is alleged that "P. Wyers is the owner and President of Wyers Products Group. P. Wyers is the inventor listed on the patents identified in this Complaint and they have been exclusively assigned to Wyers Products." *Id.*, ¶ 5.

In a previous lawsuit, Mr. Wyers and Wyers Products Group (WPG) alleged that WPG is the exclusive licensee to the '115 patent by virtue of an oral license from Philip Wyers. **Wyers v. Master Lock**, Civil Action No. 06-cv-00619-LTB-MJW (D. Colo.), First Amended Complaint [#43], ¶ 18. Noting this previous allegation and the allegation in the above-captioned case that the patents in suit have been exclusively assigned to WPG, the defendant sought documentation evidencing an assignment. WPG does not have a written instrument granting an assignment or license of the '115 or '121 patents from Philip Wyers to WPG. *Memorandum in support of motion to dismiss* [#24], Exhibit A (Cavanaugh Declaration), ¶ 15. However, Philip Wyers says WPG "has the exclusive right to manufacture and distribute products embodying the inventions disclosed in the '115 and '121 patents." *Response* [#29], Exhibit 1 (Wyers Declaration), ¶ 8. There is no evidence that Philip Wyers assigned title to the two patents to WPG or granted an exclusive license

3

to WPG via any written document. Therefore, the evidence in the record shows that any such assignment or license was oral, not written.

## IV. AMENDMENT OF CAPTION OR JOINDER

In the end, the resolution of the two motions at issue hinges on whether Philip Wyers was named properly as a plaintiff in the original complaint [#1]. If he was, then the plaintiffs have established standing to assert the patent infringement claims stated in the complaint. If not, then WPG has not shown that it has standing, and it cannot cure this problem by joining Mr. Wyers as a party.

In the motion to amend the case caption or to join Philip Wyers [#27], the plaintiffs seek to amend the caption of this case to reflect that Philip Wyers is a co-plaintiff. As described above, in both the original complaint and the amended complaint, Philip Wyers is named explicitly as a party to this case and is described as the owner and president of the other plaintiff, Wyers Products. These allegations are sufficient to notify Cequent of the identity of Mr. Wyers as a plaintiff asserting claims against Cequent.

According to Cequent, the failure to list Philip Wyers in the caption of the original complaint means Mr. Wyers was not a plaintiff when this case first was filed. Under FED. R. CIV. P. 10(a), the "title of the complaint must name all the parties." Given the specific allegations identifying Mr. Wyers as a party in the opening line of the original complaint and the "parties" section of the original complaint, I find and conclude that Mr. Wyers was identified effectively as a plaintiff in the original complaint. The same is true of the amended complaint. The fact that Mr. Wyers was not named in the caption of the original complaint does not render ineffective the specific allegations in the complaint designating Mr. Wyers as a party. That would impermissibly elevate form over substance. Cequent has not identified any prejudice it has suffered as a result of the fact that Philip Wyers was

4

omitted from the caption of the original complaint.

Because Philip Wyers was named and identified expressly as a plaintiff in the "parties" section of both complaints, it is proper to amend the caption to conform to the specific allegations of both complaints. I reject the arguments of Cequent to the contrary. With the caption amended, there is no need to address the plaintiffs' request for joinder of Mr. Wyers.

## V. STANDING

A "patentee" has a remedy by civil action for patent infringement. 35 U.S.C. § 281. As defined by the Patent Act, a patentee includes the patentee to whom the patent issued and successors in title to the patentee. 35 U.S.C. § 100(d). This provision has been interpreted to require that a suit for patent infringement be brought by a party holding legal title to the patent. **See, e.g., Arachnid, inc. v. Merit Indus., Inc.**, 939 F.2d 1574, 1578 - 1579 (Fed. Cir. 1991). However, standing to assert a claim of patent infringement has been accorded, "in certain limited circumstances, where all substantial rights under the patent have been transferred in the form of an exclusive license, rendering the licensee the virtual assignee." **Enzo APA & Son, Inc.**, 134 F.3d 1090, 1093 (Fed. Cir. 1998).

Addressing the issue of standing, WPG argues that it owns the patents in suit because they were transferred from Philip Wyers to WPG by operation of law. Alternatively, WPG argues that it has an exclusive license to use the patents, which license was granted by Philip Wyers. As owner or exclusive licensee, WPG argues, it has standing to bring patent infringement claims against Cequent. According to WPG, if Mr. Wyers must be named as a plaintiff to establish standing, then standing has been established because Mr. Wyers has been named as a plaintiff.

### A. Assignment

Both of the patents in suit were issued to Philip W. Wyers. *Cavanaugh Declaration*, ¶¶ 6-7. There is no evidence of a valid assignment of the patents in suit from Philip Wyers to WPG. In his declaration, Mr. Wyers says he "conceived these inventions during my employment and as part of my job duties for Wyers Products, with the understanding that Wyers Products would be the beneficiary of the inventions." *Response* [#29], Exhibit 1 (Wyers Declaration), ¶ 8. According to Mr. Wyers, "Wyers Products has the exclusive right to manufacture and distribute products embodying the inventions disclosed in the '115 and '121 patents." *Id.*, ¶ 9.

Mr. Wyer's contention that he conceived the inventions as an employee of WPG does not establish an assignment of the patents to WPG. Under the hired to invent doctrine, an employee may be required to assign a patent to his or her employer if the employee creates an invention while working under a job duty "for inventing or for solving a particular problem that requires invention . . ." **Scott Sys., Inc. v. Scott**, 996 P.2d 775, 778 (Colo. Ct. App. 2000). "(U)nder these circumstances, the employee has produced only that which he was employed to produce, and the courts will find an implied contract obligation to assign any rights to the employer." *Id*. Even if Mr. Wyer's has an implied contractual obligation to assign the patents to WPG, there is no evidence that there has been an actual assignment. This purported implied obligation alone is not enough to establish that WPG owns the patents. Thus, WPG has not shown that it has standing based on an assignment of the '115 and '121 patents from Mr. Wyers to WPG.

### B. Exclusive License

WPG contends it is has an exclusive licensee under an oral exclusive license

granted by Mr. Wyers. When an exclusive licensee seeks to assert a claim for patent infringement, the licensee must join the owner of the patent as a party to the case. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007). In the circumstances addressed in *Morrow*, joinder of the patent owner was required to satisfy "prudential standing concerns." *Id*.

In *Enzo APA & Son, Inc.*, the United States Court of Appeals for the Federal Circuit addressed the question of whether an oral exclusive license confers Article III standing on the exclusive licensee. 134 F.3d 1090, 1093 (Fed. Cir. 1998). The *Enzo* court noted that, generally, only a party holding legal title to a patent has standing to bring a patent infringement action. *Id*. at 1093. The *Enzo* court noted a limited exception to this rule which accords standing to a "virtual assignee" of a patent. *Id*. A licensee is a "virtual assignee" of a patent when "all substantial rights under the patent have been transferred in the form of an exclusive license . . . ." *Id*.

The *Enzo* court held, however, that an oral exclusive license, as opposed to a written exclusive license, does not confer Article III standing on the licensee.

> While we acknowledge that a license may be written, verbal, or implied, if the license is to be considered a virtual assignment to assert standing, it must be in writing. The limited exception we have provided conferring standing on licensees is restricted to virtual assignees. As such, the licensing arrangement conferring such must, logically, resemble an assignment in both form and substance. Under the 35 U.S.C. § 261 (1994), "[a]pplications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing." If we were to expand the exception to include verbal licenses, the exception would swallow the rule. Parties would be free to engage in revisionist history, circumventing the certainty provided by the writing requirement of section 261 by claiming to be patentee by virtue of a verbal licensing arrangement.

*Id*.

Under the law of patent infringement, if the original plaintiff lacks Article III standing

7

when the suit is filed, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing. ***Paradise Creations, Inc. v. U V Sales, Inc.***, 315 F.3d 1304, 1309 (Fed.Cir.2003). Similarly, the lack of standing cannot be cured by a post-filing purchase of an interest in the patent in suit. ***Gaia Techs., Inc. v. Reconversion Techs., Inc.***, 93 F.3d 774, 780 (Fed.Cir.1996). On the other hand, "(i)f the original plaintiff had Article III standing, any prudential standing concerns may be overcome by adding a plaintiff with proper standing." ***Schreiber***, 402 F.3d at 1203 n. 4.

Standing alone, WPG does not have Article III standing to bring this suit because any exclusive license it holds is not in writing. WPG can demonstrate standing at the time the original complaint was filed only if it can show that the owner of the patents, Mr. Wyers, was named properly as a plaintiff when this action was filed. As discussed above, Mr. Wyers was named and identified properly as a plaintiff when this action was filed. Standing together, WPG and Mr. Wyers had standing to assert patent infringement claims against Cequent when this case was filed, and they continue to have standing to assert those claims. Thus, I deny Cequent's motion to dismiss.

## VI. CONCLUSION & ORDERS

Philip Wyers was a named plaintiff in the original complaint [#1] despite the fact that his name was omitted from the caption of the complaint. The motion to amend the case caption [#34] is granted to conform the caption of this case to the substantive allegations of the complaint and the amended complaint. Standing together, WPG and Mr. Wyers had standing to assert patent infringement claims against Cequent when this case was filed, and they continue to have standing. Accordingly, Cequent's motion to dismiss is denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion To Amend Case Caption or, in the Alternative, To Join Philip W. Wyers as Co-Plaintiff** [#27] filed February 15, 2013, is **GRANTED** in part;

2. That the caption of this case **SHALL BE AMENDED** to include Philip W. Wyers as a named plaintiff in the original complaint [#1] and the amended complaint [#13];

3. That otherwise, the plaintiff's **Motion To Amend Case Caption or, in the Alternative, To Join Philip W. Wyers as Co-Plaintiff** [#27] filed February 15, 2013, is **DENIED** as moot; and

4. That **Cequent's Motion To Dismiss Under Rule 12(b)(1)** [#23] filed January 29, 2013, is **DENIED**.

Dated September 17, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge