**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-02640-REB

WYERS PRODUCTS GROUP, INC., a Colorado corporation,
PHILIP W. WYERS,

      Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

      Defendant.

---

**PROPOSED SCHEDULING ORDER**

---

**1.     DATE OF CONFERENCE AND
APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference in this matter is set to take place at **10:45 a.m. on Thursday October 15, 2013,** before Magistrate Judge Tafoya in Courtroom C-201 of the United States Courthouse located in Denver, CO.  The following counsel will appear in person or by telephone on behalf of the parties:  For plaintiffs Wyers Products Group, Inc. and Philip W. Wyers ("Plaintiffs"), Aaron P. Bradford and Alexander C. Clayden of Lathrop & Gage LLP, 950 17th Street, Suite 2400, Denver, Colorado 80202, (720) 931-3200; for defendant Cequent Performance Products, Inc. ("Defendant"), Andrew J. Petrie of Ballard Spahr LLP, 1225 17th Street, Suite 2300, Denver, Colorado 80202, (303) 299-7339, David B. Cupar, and/or Matthew J. Cavanagh of McDonald Hopkins, LLC, 600 Superior Avenue East, Suite 2100, Cleveland, Ohio 44114, (216) 348-5730.

## 2.    STATEMENT OF JURISDICTION

Wyers contends that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

Although the Court denied Cequent's motion to dismiss for lack of subject matter jurisdiction [#60], Cequent still contests subject matter jurisdiction and reserves its right to appeal the Court's ruling at the appropriate time.

## 3.    STATEMENT OF CLAIMS AND DEFENSES

a.    <u>Plaintiffs</u>:

Wyers Products is an industry leader in towing security.  In particular, Wyers Products is a leading manufacturer of locking devices for use in a variety of towing applications, including receiver hitch locks and coupler locks.  One of the patents-in-suit in this case, U.S. Patent No. 6,672,115 ("the '115 patent"), concerns receiver locks and receiver lock systems, including security systems for various receiver box (a square fixture on the rear of a vehicle for towing), towbar and other towing accessory configurations.  The other, U.S. Patent No. 7,121,121 ("the '121 patent"), concerns security for trailer couplers to protect against trailer theft while the trailer is not in use. Mr. Philip W. Wyers created, designed and invented the technology patented in the '115 and '121 patents.  Plaintiffs possess the exclusive rights to make and sell products covered by the patents-in-suit.  The markets for receiver and coupler towing security products are dominated by only a few major players, Wyers Products is amongst them. Wyers Products maintains its leading role through its highly respected brand, Trimax.

Defendant, itself and through its respective divisions, subsidiaries and/or agents, is engaged in the business of manufacturing, marketing, distributing and selling towing accessory products that infringe the '115 and '121 patents.   In particular, Defendant manufactures, distributes and/or sells products which infringe, literally or under the doctrine of equivalents, Claims 23 and 27 of the '115 patent including, without limitation, Defendant's part numbers 21901, 06003, 21792, 21901, 37041, 63234, 70067, 70390, 70101, 70390, and 580405.   Upon information and belief, Cequent has retired part numbers for products that meet the limitations of Claims 23 and 27 of the '115 Patent. Likewise, Defendant manufactures, distributes and/or sells products which infringe, literally or under the doctrine of equivalents, Claims 5 and 7 of the '121 patent including, without limitation, Defendant's part numbers 63226, 72783 and 70147 and other universal coupler lock products sold by Defendant, and any combinations or combo packs thereof.   Cequent may have retired part numbers for products that meet the limitations of Claims 5 and 7 of the '121 Patent.   Collectively, the foregoing part numbers sold by Defendant are referred to as the "Accused Products."   In this action, Plaintiffs seek to enjoin Defendant's continuing infringement of the '115 and '121 patents, to recover damages for Defendant's past infringement, and to recover such additional sums, fees and costs as provided under applicable law.

b.    Defendant:

Cequent does not directly infringe the '115 or '121 patent because it does not make, use, sell, offer to sell, or import any product having every limitation of any of the asserted claims. Cequent does not indirectly infringe the '115 or '121 patent because its customers do not directly infringe, and Cequent has not knowingly and actively induced others to directly infringe.

Cequent has meritorious affirmative defenses against plaintiff's claims. Cequent's defense is based on the collateral estoppel effect of a decision by the United States Court of Appeals for the Federal Circuit that declared certain claims of the '115 patent to be invalid for obviousness. *See Wyers v. Master Lock Co.*, 616 F.3d 1231 (Fed. Cir. 2010). Because the invalidated claims are not materially different from the '115 patent claims that plaintiff now asserts, the *Master Lock* decision collaterally estops plaintiff from suing again on the '115 patent. Cequent renewed its Motion to Partially Dismiss under 12(b)(5) on September 24, 2013.

The asserted claims of the '115 patent also are invalid because they claim obvious and, therefore, unpatentable subject matter.

The asserted claims of the '121 patent are invalid under 35 USC § 102(g)(2) because Cequent engineer Tim Vander Koy invented what Mr. Wyers claimed to have invented in the '121 Patent before Mr. Wyers claims to have done so.

All of Plaintiffs' claims also are barred by the doctrines of laches and equitable estoppel because it unreasonably delayed in bringing the lawsuit to Cequent's prejudice.

### 4.    UNDISPUTED FACTS

The parties have not identified any facts that they agree are undisputed.

### 5.    COMPUTATION OF DAMAGES

a.    <u>Plaintiffs</u>:  As discovery is ongoing, Plaintiffs are unaware of the full extent of the damage caused by Defendant's infringement of the patents-in-suit as alleged in Plaintiff's First Amended Complaint.  Accordingly, Plaintiffs have not yet calculated all aspects of its damages at issue in this case.  However, Plaintiffs will seek an award of damages against Defendant adequate to compensate Plaintiffs for past and future infringement in the form of its lost profits resulting from Defendant's infringement.  In the alternative, Plaintiffs will seek damages in the form of a reasonable royalty. Additionally, Plaintiffs seek non-monetary relief in the form of a permanent final injunction against continuing infringement by Defendant and all persons or entities related to it or acting on its behalf.  Plaintiffs seek to recover its reasonable attorneys' fees and costs of suit, along with pre- and post-judgment interest.  Plaintiffs will also seek an additional sum on account of the willful, intentional and deliberate character of defendants' infringing acts pursuant to 35 U.S.C. § 284.

b.    <u>Defendant</u>: Cequent seeks to recover the attorneys' fees that it incurs in this action. As fees are ongoing, the total fee amount sought is not capable of calculation at this time.

### 6.    REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.    The parties, through their respective counsel (Aaron P. Bradford on behalf of Plaintiffs and David B. Cupar on behalf of Cequent), met and conferred by telephone

pursuant to Fed. R. Civ. P. 26(f) on April 17, 2013.  Counsel again met to confer regarding discovery on September 26, 2013.

b.      Plaintiffs served their Initial Disclosures on May 1, 2013, according to Rule 26(a)(1)(C).   Cequent served its Initial Disclosures on May 24, 2013. Discovery was stayed on June 7, 2013 pending the Court's ruling on Cequent's 12(b)(1) Motion to Dismiss, which was denied on September 19, 2013.  The Court lifted the stay on October 1, 2013.

c.      Plaintiffs have served Requests for Admissions, Requests for Production and Interrogatories upon the Defendant. The parties agree that Defendant shall respond to these pending discovery requests by no later than November 19, 2013.

d.      The parties have not reached any agreements regarding informal discovery in this action.

e.      The parties will agree to use a unified exhibit numbering system in order to reduce discovery and other litigation costs.

f.      The parties do anticipate that their claims or defenses will involve some discovery of electronically stored information. The parties agree to produce ESI in PDF format. If a party believes there is good cause for particular files to be produced in an additional or different format, such as native, then the parties will confer and attempt to agree upon a method for production of those files. If they are unable to agree, a party may move the Court to resolve the issue. Each party further agrees that it will preserve the native files underlying any ESI that it produces.

g.      The parties certify that they have discussed the possibility for prompt settlement or otherwise resolving this case without further judicial intervention.  At this time, the parties will continue their discussions, but have been unable to reach resolution of disputed issues.

## 7.      DISCOVERY LIMITATIONS

a.      The parties propose that the presumptive number of interrogatories contained under the Federal Rules of Civil Procedure modified to allow each party 30 interrogatories.  The parties do not propose any modification of the presumptive number of depositions permitted under the Federal Rules of Civil Procedure.

b.      The parties will follow the Federal Rules of Civil Procedure with respect to limitations upon the length of depositions.

### *** DISPUTED ISSUE ***

Plaintiffs' position regarding Rule 30(b)(6) depositions: Plaintiffs request that the length of any corporate deposition noticed under Rule 30(b)(6) be permitted to last no more than 14 hours but may extend over multiple, consecutive days to accommodate designee availability.

Cequent's position regarding Rule 30(b)(6) deposition: Cequent proposes that the Federal Rules of Civil Procedure should not be altered with regard to Rule 30(b)(6) depositions, meaning such a deposition is limited to one day of seven hours unless leave of Court is granted or a stipulation by the parties reached.

c.      The parties propose that the number of requests for production and the number of requests for admission each be limited to 30.

d.      Other Planning or Discovery Orders:  On April 18, 2013 Cequent filed a Motion to Extend Deadline to File Joint Claim Construction Statement [#35], this Motion was granted on September 16, 2013 making the new deadline to file the joint claim construction statement to October 10, 2013.

### *** DISPUTED ISSUE ***

Plaintiffs' position on claim construction proceedings: Plaintiffs propose the following *Markman* Schedule:

| CHART OF PATENT RELATED DEADLINES | |
|---|---|
| Plaintiffs' Infringement Contentions | Disclosed on 4/26/2013 |
| Joint Claim Construction Statement per Minute Order dated September 16, 2013 (Document 59). | October 10, 2013 |
| Defendant's Non-Infringement Contentions | October 25, 2013 |
| Plaintiffs Opening *Markman* Brief per Order dated October 9, 2012 (Document 5). | November 11, 2013 |
| Defendant's *Markman* Response Brief per Order dated October 9, 2012 (Document 5). | December 3, 2013 |
| Defendant's Invalidity Contentions | December 3, 2013 |
| Plaintiffs' Reply in support of Opening Markman Brief per Order dated October 9, 2012 (Document 5). | December 17, 2013 |

| Plaintiffs' Disclosure of Objective Indicia of Non-Obviousness | December 27, 2013 |
| --- | --- |
| Markman Hearing at the Court's Convenience | January/February of 2014 |

Cequent's position on claim construction proceedings: The Court has already issued an "Order For Briefing On *Markman* Issues" [#5], that sets a schedule for claim construction briefing and sets forth the procedure for setting a *Markman* hearing. That Order is sufficient to manage claim construction proceedings. Because there are no local patent rules governing infringement and invalidity contentions or their content, effect, timing, and supplementation, the parties should discover each other's invalidity and infringement positions through discovery requests and depositions.

## 8.    CASE PLAN AND SCHEDULE

a.    Deadline to Join Parties and Amend Pleadings:  If applicable, 30 days from the date on which Cequent files an Answer to Plaintiff's First Amended Complaint.

b.    Discovery Cut-off: June 30, 2014.

c.    Dispositive Motion Deadline:  July 25, 2014.

d.    Expert Witness Disclosure:

1.    The parties do not propose any limitation on the number of expert witnesses.

2.    The parties shall disclose the information required by Rule 26 concerning its expert witnesses on or before: April 18, 2014.

3.      Any party intending to offer an expert witness to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) shall disclose the information required by Rule 26 for that rebuttal expert witness on or before: May 19, 2014.

e.      Identification of Persons to Be Deposed:

The parties have not agreed upon particular dates or times for depositions. The parties believe that depositions of the following individuals will be sought:

Corporate representative(s) of Cequent;

Corporate representative(s) of Plaintiffs;

Mr. Philip W. Wyers;

Mr. Tim Vander Koy;

Other individuals identified through written discovery and disclosure.

## 10.  DATES FOR FURTHER CONFERENCES

a.      Status Conferences will be held in this case at the following dates and times: _____.

b.      A   final   pretrial   conference   will   be   held   in   this   case   on _____ at ____ o'clock ___ m.  A final pretrial order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.      There presently are no other discovery or scheduling issues on which counsel, after a good-faith effort, have been unable to reach an agreement.

b.      Plaintiffs anticipate trial to a jury to require 7 days. Defendant anticipates trial to require two to three weeks.

c.      No present request is being made to conduct appropriate pretrial proceedings in the Court's facilities in Colorado Springs, Grand Junction or Durango, Colorado.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

Any party filing a motion for extension of time or continuance must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the  moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of

change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The parties agree that the scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____ 2013.

BY THE COURT:

_____

United States District Judge

APPROVED:

s/ Jessie L. Pellant
Aaron P. Bradford
Alexander C. Clayden
Jessie L. Pellant
Lathrop & Gage LLP
950 17th Street, Suite 2400
Denver, Colorado 80202
Phone:    (720) 931-3200
Fax:       (720) 931-3201
Email:    abradford@lathropgage.com
              aclayden@lathropgage.com
              jpellant@lathropgage.com

*Counsel for Plaintiff Wyers Products Group, Inc.*

s/ Matthew J. Cavanagh
David B. Cupar
Matthew J. Cavanagh
McDonald Hopkins LLC
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114
t 216.348.5730 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

Andrew J. Petrie
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, Colorado 80202-5596
petriea@ballardspahr.com

*Counsel for Cequent Performance Products, Inc.*