**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02640-REB

WYERS PRODUCTS GROUP et al.,

      Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

      Defendant.

## JOINT CLAIM CONSTRUCTION STATEMENT

In accordance with the Court's Orders on briefing of *Markman* issues [#5, 59], the parties now file their joint claim construction statement. Plaintiffs Wyers Products Group, Inc. and Philip W. Wyers (collectively, "Wyers") are asserting claims 5 and 7 of U.S. Patent No. 7,121,121 ("the '121 patent") and claims 23 and 27 of U.S. Patent No. 6,672,115 ("the '115 patent") against Cequent Performance Products, Inc. ("Cequent"). Wyers contends that Cequent has engaged in literal infringement and infringement under the Doctrine of Equivalents as to all asserted claims of the '121 and '115 patents. Cequent denies Wyers' allegations. Each party has identified terms from those claims for construction. Despite their good faith efforts, the parties have been unable to agree upon any constructions for the terms identified. The tables below set forth each party's proposed constructions for the claim terms identified.

**'115 patent**
*(terms identified for construction by Wyers)*

| Claim Term | Wyers' Proposed Construction | Cequent's Proposed Construction |
|---|---|---|
| "first hitch bar and a first hitch receiver" (claim 23) | "Class II hitch bar and a Class II hitch receiver capable of towing at least 5000 lbs when properly assembled" | No construction necessary, as Wyers confirmed by not seeking a construction of these terms in the *Master Lock* case, or, in the alternative, "a first bar and a first receiver that couple a first motor vehicle to a device" |
| "first apertures of a first size" (claim 23) | "holes in the Class II hitch bar and Class II hitch receiver having approximately a ½ inch diameter" | No construction necessary, as Wyers confirmed by not seeking a construction of these terms in the *Master Lock* case, or, in the alternative, "openings on the first bar and first receiver having a specific size" |
| "aligned for registration" (claim 23) | "when the Class II hitch bar is inserted into the Class II hitch receiver, the first apertures register to allow insertion of the shank of the convertible hitch pin" | No construction necessary, as Wyers confirmed by not seeking a construction of these terms in the *Master Lock* case, or, in the alternative, "the openings on the first bar and first receiver are lined up" |

| Claim Term | Wyers' Proposed Construction | Cequent's Proposed Construction |
|---|---|---|
| "second hitch bar and second hitch receiver" (claim 23) | "Class III/IV hitch bar and Class III/IV hitch receiver capable of towing at least 10,000 lbs when assembled" | No construction necessary, as Wyers confirmed by not seeking a construction of these terms in the *Master Lock* case, or, in the alternative, "a second bar and a second receiver that couple a second motor vehicle to a device, where the first motor vehicle is different from the second motor vehicle" |
| "second apertures of a first size" (claim 23) | "holes in the Class III/IV hitch bar and Class III/IV hitch receiver having approximately a ¾ inch diameter" | No construction necessary, as Wyers confirmed by not seeking a construction of these terms in the *Master Lock* case, or, in the alternative, "openings on the second bar and second receiver having a specific size" |
| "shank having first and second ends" (claim 23) | "the portion of the locking pin that sits between the end portion and the locking head" | No construction necessary, as Wyers confirmed by not seeking a construction of these terms in the *Master Lock* case, or, in the alternative, "a portion of the hitch pin between the stop member and the locking head when engaged" |
| "outer dimension sized and adapted for close-fitted engagement with the first apertures" (claim 23) | "outer diameter of the shank is manufactured to engage (through close proximity) the apertures of the Class II hitch bar and Class II hitch receiver for purposes of completing the system that tows at least 5000 lbs and sheer load of at least 15,000 lbs" | No construction necessary, as Wyers confirmed by not seeking a construction of these terms in the *Master Lock* case, or, in the alternative, "an outer dimension of the shank is a little less than the openings" |

| *Claim Term* | *Wyers' Proposed Construction* | *Cequent's Proposed Construction* |
|---|---|---|
| "selective engagement with said hitch pin shank" (claim 23) | "a sleeve that engages the shank by having an interior diameter that closely approximates the exterior diameter of the shank for purposes of ensuring that the combined shank and sleeve can tow at least 10,000 lbs and sustains mor than 25,000 lbs in sheer load" | No construction necessary, as Wyers confirmed by not seeking a construction of these terms in the *Master Lock* case, or, in the alternative, "the shank can be inserted into or removed from the sleeve" |
| "an outer dimension sized and adapted for close-fitted engagement with the second apertures" (claim 23) | "outer diameter of the sleeve is manufactured to engage (through close proximity) the apertures of the Class III/IV hitch bar and Class III/IV hitch receiver for purposes of completing the system that tows 10,000 lbs and sustains more than 25,000 lbs of sheer load" | No construction necessary, as Wyers confirmed by not seeking a construction of these terms in the *Master Lock* case, or, in the alternative, "an outer dimension of the sleeve is a little less than the openings" |

### '115 patent
*(terms identified for construction by Cequent)*

| Claim Term | Wyers' Proposed Construction | Cequent's Proposed Construction |
|---|---|---|
| "locking head member movable between locked and unlocked states" (claim 23)<br><br>"locking head movable between a locked state and an unlocked state" (claim 27) | "locking head" | "an assembly capable of being affixed to the latch portion of the shank so that the insertable end of the shank can no longer be removed from the apertures of the two locked-together objects when in a locked state and is removable from the shank when unlocked" |
| "sleeve" (claims 23 and 27) | "sleeve" | "an encasing piece of material that is capable of being slid on and off the shank" |
| "stop portion" (claims 23 and 27) | "stop portion" | "the part of the shackle/hitch pin that has an enlarged, bent, or looped portion that cannot pass through the bore hole or other aperture of the trailer hitch and vehicle mount" |
| "latch portion" (claims 23 and 27) | "latch portion" | "the part of the shackle/hitch pin that is on the end of the shackle/hitch pin inserted into the borehole that is notched such that the locking head—which is also unable to pass through the hole—will attach securely to the shackle member once locked thereto" |

| Claim Term | Wyers' Proposed Construction | Cequent's Proposed Construction |
|---|---|---|
| "shank" (claims 23 and 27) | "shank" | "the linear portion of the shackle/hitch pin that is inserted into the aligned apertures of the hitch bar and hitch receiver to secure them together" |
| "system" (claim 23) | "system" | "a group of elements that interact and function together as a whole" |

### '121 patent
*(terms identified for construction by Wyers)*

| Claim Term | Wyers' Proposed Construction | Cequent's Proposed Construction |
|---|---|---|
| "orthogonally" (claims 5 and 7) | "in perpendicular orientation thereto" | "oriented at a 90 degree angle" |

### '121 patent
*(terms identified for construction by Cequent)*

| Claim Term | Wyers' Proposed Construction | Cequent's Proposed Construction |
|---|---|---|
| "longitudinal throughway extending therethrough" (claims 5 and 7) | "longitudinal throughway extending therethrough" | "a passageway extending entirely through the lengthwise part of the body portion having openings on opposite sides of the body portion" |
| "a transverse bore intersecting the throughway" (claims 5 and 7) | "a transverse bore intersecting the throughway" | "a cavity in the body portion that intersects the longitudinal throughway at a 90 degree angle" |

| Claim Term | Wyers' Proposed Construction | Cequent's Proposed Construction |
|---|---|---|
| "oriented generally orthogonally" (claims 5 and 7) | "in perpendicular orientation thereto" | "the ball element intersects both the throughway and the bore at about a 90 degree angle" |
| "tubular casing disposed in the throughway" (claims 5 and 7) | "tubular casing disposed in the throughway" | "a hollow tube that is a separate piece from and fits within the longitudinal throughway" |
| "exposed portion" (claim 7) | "exposed portion" | "the portion of the tubular casing that is visible beyond the body portion" |
| "passageway formed therein sized to receive said leg section" (claim 7) | "passageway formed therein sized to receive said leg section" | "a hole created on the tubular casing to place at least one leg of the shackle through it" |

Dated: October 10, 2013

Respectfully submitted,

| | |
|---|---|
| *s/ Alexander C. Clayden* | *s/ Matthew J. Cavanagh* |
| Aaron P. Bradford | David B. Cupar |
| Alexander C. Clayden | Matthew J. Cavanagh |
| Jessie L. Pellant | MCDONALD HOPKINS LLC |
| LATHROP & GAGE LLP | 600 Superior Avenue, East, Suite 2100 |
| US Bank Tower | Cleveland, Ohio 44114 |
| 950 17th Street, Suite 2400 | t 216.348.5730 │ f 216.348.5474 |
| Denver, Colorado 80202 | dcupar@mcdonaldhopkins.com |
| Phone: (720) 931-3200 | mcavanagh@mcdonaldhopkins.com |
| Fax: (730) 931-3201 | |
| Email:  abradford@lathropgage.com | and |
|   aclayden@lathropgage.com | |
|   jpellant@lathropgage.com | Andrew J. Petrie |
| | BALLARD SPAHR LLP |
| *Attorneys for Plaintiffs Wyers Products Group, Inc. and Philip W. Wyers* | 1225 17th Street, Suite 2300 |
| | Denver, Colorado 80202-5596 |
| | petriea@ballardspahr.com |
| | |
| | *Counsel for Cequent Performance Products, Inc* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2013, I electronically filed the foregoing **Joint Claim Construction Statement** with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following:

Aaron P. Bradford
Alexander C. Clayden
Jessie L. Pellant
LATHROP & GAGE LLP
US Bank Tower
950 17th Street, Suite 2400
Denver, Colorado 80202
Phone: (720) 931-3200
Fax: (730) 931-3201
Email:   abradford@lathropgage.com
            aclayden@lathropgage.com
            jpellant@lathropgage.com

*Attorneys for Plaintiffs Wyers Products Group, Inc. and Philip W. Wyers*

David B. Cupar
Matthew J. Cavanagh
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114
t 216.348.5730 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

Andrew J. Petrie
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, Colorado 80202-5596
petriea@ballardspahr.com

*Counsel for*
*Cequent Performance Products, Inc*


*s/ Alexander C. Clayden*
*Counsel for Plaintiffs*