# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 10-cv-02640-REB-KMT

WYERS PRODUCTS GROUP, INC., and
PHILLIP W. WYERS,

    Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

    Defendant.

---

Civil Action No. 12-cv-02976-MSK

CEQUENT PERFORMANCE PRODUCTS, INC.,

    Plaintiff,

v.

WYERS PRODUCTS GROUP, INC., et al.,

    Defendants.

---

## ORDER GRANTING MOTION TO CONSOLIDATE

**Blackburn, J.**

    The matter before me is the **Parties' Stipulated Motion To Consolidate Cases** [#81][1] filed November 1, 2013. The motion is granted.

    The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, pertinently:

---

[1] "[#81]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**FED. R. CIV. P.** 42(a).[2]  This rule allows the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." ***Breaux v. American Family Mutual Insurance Co.***, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)).  The decision whether to consolidate cases is committed to my sound discretion.  ***Shump v. Balka***, 574 F.2d 1341, 1344 (10th Cir. 1978).

The cases addressed in the motion to consolidate, and shown in the caption of this order, both arise from competing claims of patent infringement concerning the parties' competing trailer locking products. The two cases involve the same parties and involve common questions of law and fact.  Common questions of law and fact predominate in these two cases such that consolidation is appropriate and efficacious.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Parties' Stipulated Motion To Consolidate Cases** [#81] filed November 2, 2013, is **GRANTED**;

2.  That under Fed. R. Civ. P. 42(a)(2) and D.C.COLO.LCivR 42.1, ***Cequent Performance Products, Inc. v. Wyers Products Group, Inc., et al.***, Civil Action No. 13-cv-02976-MSK is **CONSOLIDATED** with ***Wyers Products Group, Inc., el al. v.***

---

[2]  As the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial, the question whether to consolidate these matters falls to me for determination. **See D.C.COLO.LCivR** 42.1.

*Cequent Performance Products, Inc.*, Civil Action No. 10-cv-02640-REB-KMT for all purposes;

    3.  That under D.C.COLO.LCivR 42.1, Civil Action No. 13-cv-02976-MSK is **REASSIGNED** to United States District Judge Robert E. Blackburn and to United States Magistrate Judge Kathleen M. Tafoya; and

    4.  That all future filings in these consolidated actions shall be captioned as follows:

---

Civil Action No. 12-cv-02640-REB-KMT
(consolidated with Civil Action No. 13-cv-02976-REB-KMT)

WYERS PRODUCTS GROUP, INC., and
PHILLIP W. WYERS,

    Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

    Defendant.

---

    Dated November 4, 2013, at Denver, Colorado.

                             **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge