IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02640-REB-KMT
(consolidated with Civil Action No. 13-cv-02976-REB-KMT)

WYERS PRODUCTS GROUP, INC. et al.,

    Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

    Defendant.

## CEQUENT'S ANSWER AND COUNTERCLAIM TO AMENDED COMPLAINT

For its answer to the amended complaint [#13] filed against it in this action, Cequent Performance Products, Inc. responds as follows:

### As To "Jurisdiction and Venue"

1. Cequent denies that the Court has subject matter jurisdiction for the reasons set forth in its motion to dismiss [#23] and supporting memoranda, and therefore denies the allegations in paragraph 1 of the amended complaint.

2. Cequent denies that the Court has subject matter jurisdiction for the reasons set forth in its motion to dismiss [#23] and supporting memoranda, and therefore denies the allegations in paragraph 2 of the amended complaint.

### As To "Parties"

3. Cequent admits the allegations in paragraph 3 of the amended complaint.

4. Cequent admits the allegations in paragraph 4 of the amended complaint.

5. Cequent denies that U.S. Patent No. 7,121,121 ("the '121 patent") or U.S. Patent No. 6,672,115 ("the '115 patent") was assigned to Wyers Products Group, Inc., and otherwise admits the allegations in paragraph 5 of the amended complaint.

6. Cequent admits that it sells products under the REESE trademark, admits that its headquarters are in Plymouth, Michigan, and otherwise denies the allegations in paragraph 6 of the amended complaint.

7. Cequent admits that its products are sold in Colorado, objects to Wyers Products Group, Inc. and Philip W. Wyers (collectively, "Wyers") referring to Cequent as "Reece," and otherwise denies the allegations in paragraph 7 of the amended complaint.

## As To "General Allegations"

8. Cequent admits that some automobiles have hitch receivers, that there are different classes of hitch receivers, and that hitch bars and other devices are made to fit within hitch receivers. Cequent lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 8 of the amended complaint and therefore denies them.

9. Cequent admits that there are multiple classes of hitch receivers, including Class II and Class III/IV and admits that Class III/IV provides greater towing capacity than Class II. Cequent lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 9 of the amended complaint and therefore denies them.

10. Cequent admits that lockable hitch pins may be used to secure hitch bars to hitch receivers. Cequent lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 10 of the amended complaint and therefore denies them.

11. Cequent admits that it sells Class II hitch receivers and Class II hitch bars and that those products meet industry standards. Cequent lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 11 of the amended complaint and therefore denies them.

12. Cequent admits that it sells Class III/IV hitch receivers and Class III/IV hitch bars and that those products meet industry standards. Cequent lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 12 of the amended complaint and therefore denies them.

13. Cequent admits that theft is a problem for property owners and admits that coupler locks help prevent theft of trailers. Cequent lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 13 of the amended complaint and therefore denies them.

14. Cequent admits that it sells towing products and accessories through various distribution chains, admits that third-parties sell Cequent's towing products through Amazon.com and other Internet websites, admits that its product catalog can presently be downloaded from its website located at www.reeseprod.com, and denies the other allegations in paragraph 14 of the amended complaint.

15. Cequent admits that Wyers Products Group, Inc. sells locking devices for the trailer hitch industry and admits that it presently has a website advertising its trailer locks at www.trimaxlocks.com. Cequent lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 15 of the amended complaint and therefore denies them.

16. Cequent admits that Wyers Products Group, Inc. sells its products through stores. Cequent lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 16 of the amended complaint and therefore denies them.

17. Insofar as Wyers construes the face of the '115 patent, the document speaks for itself. Otherwise, Cequent denies the allegations in paragraph 17 of the amended complaint.

18. Insofar as Wyers construes the face of the '121 patent, the document speaks for itself. Otherwise, Cequent denies the allegations in paragraph 18 of the amended complaint.

19. Insofar as Wyers construes the face of the '121 patent, the document speaks for itself. Otherwise, Cequent denies the allegations in paragraph 19 of the amended complaint.

20. Cequent lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the amended complaint and therefore denies them.

21. Cequent lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the amended complaint and therefore denies them.

### As To "First Claim For Relief"

22. Insofar as Wyers construes its amended complaint, the document speaks for itself. Otherwise, Cequent denies the allegations in paragraph 22 of the amended complaint and re-responds and adopts by reference the responses set forth above.

23. Cequent denies the allegations in paragraph 23 of the amended complaint and avers that Wyers or its attorney created Figure 3 in the amended complaint.

24. Cequent denies the allegations in paragraph 24 of the amended complaint and avers that Wyers or its attorney created Figure 3.

25. Cequent denies the allegations in paragraph 25 of the amended complaint.

26. Cequent denies the allegations in paragraph 26 of the amended complaint and avers that claims 23 and 27 of the '115 patent are invalid, as a matter of law, due to the collateral estoppel effect of the Federal Circuit's decision in *Wyers v. Master Lock Co.*, 616 F.3d 1231 (Fed. Cir. 2010).

27. Cequent denies the allegations in paragraph 27 of the amended complaint.

28. Cequent denies the allegations in paragraph 28 of the amended complaint.

29. Cequent denies the allegations in paragraph 29 of the amended complaint.

30. Cequent denies the allegations in paragraph 30 of the amended complaint.

## As To "Second Claim For Relief"

31. Insofar as Wyers construes its amended complaint, the document speaks for itself. Otherwise, Cequent denies the allegations in paragraph 31 of the amended complaint and re-responds and adopts by reference the responses set forth above.

32. Cequent admits it has sold a universal coupler product that looks like the product shown in Figure 4 in the amended complaint for at least the past six years and denies any implication that its universal coupler product infringes any patent. Cequent lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 32 of the amended complaint and therefore denies them.

33. Cequent admits it owns U.S. Patent No. 6,722,686, admits that it marks its universal coupler lock with that patent number, and denies all other allegations in paragraph 33 of the amended complaint.

34. Cequent denies the allegations in paragraph 34 of the amended complaint.

35. Cequent denies the allegations in paragraph 35 of the amended complaint.

36. Cequent admits that, unless a patent is invalidated by a court of law (as the '115 patent has been), it is presumed to be valid, and denies all other allegations in paragraph 36 of the amended complaint.

37. Cequent admits that its universal coupler lock and Wyers Products Group, Inc.'s Trimax Model Nos. UMAX 50 and UMAX 100 are competing products, admits that its universal coupler product is sold by retailers, and denies all other allegations in paragraph 37 of the amended complaint.

38. Cequent denies the allegations in paragraph 38 of the amended complaint.

39. Cequent denies the allegations in paragraph 39 of the amended complaint.

### As to Wyers' Request for Relief

40. Cequent denies that Wyers is entitled to any of the relief it requests.

### Cequent's Affirmative Defenses

41. Wyers fails to state a claim upon which relief can be granted.

42. The Court lacks subject matter jurisdiction over this action.

43. Wyers' claims for infringement of the '115 patent are barred by the collateral estoppel effect of *Wyers v. Master Lock Co.*, 616 F.3d 1231 (Fed. Cir. 2010).

44. To the extent Wyers seeks recovery for alleged infringement that occurred more than six years prior to the filing of this action, such recovery is barred by the applicable statute of limitations.

45. Because Wyers unreasonably delayed in bringing his infringement claims to Cequent's prejudice, its claims are barred by the doctrine of laches and equitable estoppel.

46. Wyers' claims are barred by the doctrine of unclean hands.

47. Wyers' claims for infringement of the '115 patent are barred because that patent is invalid for obviousness and/or by anticipation and therefore is unenforceable.

48. Wyers' claims for infringement of the '121 patent are barred because that patent is invalid for obviousness and/or by anticipation and therefore is unenforceable.

49. Wyers' claims for infringement of the '121 patent are barred because that patent is invalid under 35 U.S.C. § 102(g)(2) because Tim Vander Koy invented what is claimed by the '121 patent before Philip W. Wyers allegedly invented it.

50. Wyers' damages, if any, were caused or contributed to by its own action or inaction or by the action or inaction of third-persons over whom Cequent has no ownership or control.

51. Wyers' claims are barred, in whole or in party, by its failure to mitigate its damages, if any.

52. All of Wyers' patent infringement claims are barred because it has misused both asserted patents by filing and maintaining this objectively baseless lawsuit, in bad faith, to obtain an unfair commercial advantage when it knew or should have known that they have no viable claim of patent infringement against Cequent.

## Cequent's Counterclaim

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Cequent hereby asserts its counterclaim against Wyers Products Group, Inc. and Philip W. Wyers (collectively, "Wyers") as follows:

1. Cequent incorporates all of its statements, averments, admissions, and denials from above as if fully rewritten herein.

2. The amended complaint accuses Cequent of infringing claims 5 and 7 of the '121 patent and claims 23 and 27 of the '115 patent.

### Count One
*Declaratory Relief*
*Non-Infringement of the '115 and '121 Patents*

3. Cequent incorporates by reference all allegations in all preceding paragraphs of this Complaint as if fully rewritten herein.

4. Cequent has not infringed, and is not infringing, any of the claims of the '115 and '121 patents because none of its products have all of the limitations of any of the claims of either patent.

5. There is a substantial controversy between Cequent and Wyers, which have adverse legal interests, regarding Cequent's ongoing sale of products of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

6. In accordance with the Declaratory Judgment Act, 28 U.S.C. § 2201, Cequent asks the Court to declare that Cequent has not infringed claims 23 and 27 of the '115 patent or claims 5 and 7 of the '121 patent.

## Count Two
*Declaratory Relief*
*Invalidity of the '115 and '121 Patents*

7. Cequent incorporates by reference all allegations in all preceding paragraphs of this Complaint as if fully rewritten herein.

8. The '115 patent is invalid, and therefore unenforceable against Cequent, because, among other reasons, the Federal Circuit declared the claims of the '115 patent that Wyers previously asserted against Master Lock Company as invalid for obviousness in *Wyers v. Master Lock Co.*, 616 F.3d 1231 (Fed. Cir. 2010). The collateral estoppel effect of the *Master Lock* decision renders invalid all of the claims of the '115 patent, including claims 23 and 27.

9. The '121 patent is invalid, and therefore unenforceable against Cequent, under 35 U.S.C. § 102 because, among other reasons, Cequent engineer Tim Vander Koy invented what Mr. Wyers claims to have invented in the '121 patent before Mr. Wyers claims to have done so.

10. There is a substantial controversy between Cequent and Wyers, which have adverse legal interests, regarding Cequent's ongoing sale of products of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity.

11. In accordance with the Declaratory Judgment Act, 28 U.S.C. § 2201, Cequent asks the Court to declare that claims 23 and 27 of the '115 patent and claims 5 and 7 of the '121 patent are each invalid and unenforceable against Cequent.

## Prayer for Relief

**WHEREFORE**, Cequent prays for judgment against Wyers as follows:

(A) A declaration that: (1) Cequent has not infringed claims 23 and 27 of the '115 patent or claims 5 and 7 of the '121 patent; and (2) claims 23 and 27 of the '115 patent and claims 5 and 7 of the '121 patent are each invalid and thus not enforceable against Cequent.

(B) Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

Dated: November 22, 2013

        s/ David B. Cupar
David B. Cupar
Matthew J. Cavanagh
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5730 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

Andrew J. Petrie
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, Colorado 80202-5596
petriea@ballardspahr.com

*Counsel for
Cequent Performance Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2013, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following:

Aaron P. Bradford
LATHROP & GAGE, LLP
950 Seventeenth Street
Suite 2400
Denver, Colorado 80202
abradford@lathropgage.com
t 720.931.3214
f 720.931.3201

*Counsel for*
*Plaintiffs*

          s/ David B. Cupar
*Counsel for*
*Cequent Performance Products, Inc.*