# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02640-REB

WYERS PRODUCTS GROUP, INC., a Colorado corporation, and
PHILIP W. WYERS,

    Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

    Defendant.

---

## JOINT CLAIM CONSTRUCTION STATEMENT
## REGARDING US PATENT NO. 6,722,686

---

In accordance with the parties' agreement and the deadlines requested in their joint motion to set patent disclosure deadlines for U.S. Patent No. 6,722,686 ("the '686 patent") [#98], the parties now submit their Joint Claim Construction Statement for the '686 patent. Cequent contends that Wyers Product Group, Inc. and Philip Wyers (collectively, "Wyers") have infringed the '686 patent. Wyers denies Cequent's allegations. Wyers has identified four phrases for construction by the Court. Cequent does not seek claim construction for any terms in the '686 patent, other than proposing alternative constructions for terms identified by Wyers. Despite good faith efforts, the parties have been unable to agree upon constructions for the phrases identified by Wyers. The table below sets forth each party's proposed constructions for the claim terms identified.

# '686 patent
*(terms identified for construction by Wyers)*

| | Claim Term | Wyers' Proposed Construction | Cequent's Proposed Construction |
|---|---|---|---|
| 1. | "locking bar" (as appearing in claims 1, 4, 8, 13, 17 and 18 and the claims that depend thereupon) | "a shank with at least one slanted groove for engaging the distal shoulder of the bolt and permitting the locking bar to be downwardly adjusted within the locking bar-receiving aperture without moving the spring-loaded bolt to the unlocked position with a key". <br><br> Support for said construction exists, at a minimum at: Figures 1-6; Col. 2, lines 33-51; Col. 3, lines 9-17; Col. 4, lines 7-13; Col. 4, lines 44-47; Col. 4, lines 55-59; Col. 5, lines 1-24 and the prosecution history. | No construction necessary. Alternatively, a bar that holds the plug member to the coupler when the bar is locked to the base. |
| 2. | "integral locking means" (claim 1 and the claims that depend thereupon) | This claim limitation is a "means-plus-function" limitation pursuant to 35 USC § 112 and should be construed as <br><br> "integral locking means comprising a spring-loaded bolt that (1) contains a grooved distal shoulder that is continuously urged into the locked position by a spring, (2) retracts to allow downward adjustment of the locking bar, and that is movable from the continuously locked/engaged position with a key, or the equivalents thereof." <br><br> Support for these constructions may be found at: Figures 1-6; Col. 2, lines 33-51; Col. 3, lines 9-17; Col. 3, 49-51; Col 3, lines 58-67; Col. 4, lines 1-12; Col. 4, lines 13-35; Col. 4, line 44-47; Col. 5, lines 1-24 and the prosecution history. | No construction necessary. Alternatively, the lock is housed within the base to prevent tampering with or breaking the lock. |

| | *Claim Term* | *Wyers' Proposed Construction* | *Cequent's Proposed Construction* |
|---|---|---|---|
| 3. | "an integral lock" (as appearing in claims 4, 8, 13, 17 and 18 and the claims that depend thereupon) | "a locking mechanism that continuously maintains the spring-loaded bolt into the locked position and engaged within the locking bar-receiving aperture until released by the key or retracted by the downwardly adjusting locking bar"<br><br>Alternatively, this claim limitation is a "means-plus-function" limitation pursuant to 35 USC § 112 and should be construed as "integral locking means comprising a spring-loaded bolt that (1) contains a grooved distal shoulder that is continuously urged into the locked position by a spring, (2) retracts to allow downward adjustment of the locking bar, and that is movable from the continuously locked/engaged position with a key, or the equivalents thereof."<br><br>Support for these constructions may be found at: Figures 1-6; Col. 2, lines 33-51; Col. 3, lines 9-17; Col. 3, 49-51; Col 3, lines 58-67; Col. 4, lines 1-12; Col. 4, lines 13-35; Col. 4, line 44-47; Col. 5, lines 1-24 and the prosecution history. | No construction necessary. Alternatively, the lock is housed within the base to prevent tampering with or breaking the lock. |

| | Claim Term | Wyers' Proposed Construction | Cequent's Proposed Construction |
|---|---|---|---|
| 4. | "for lockingly engaging said locking bar within said aperture" (claim 4) | "using a spring-loaded bolt with a distal grooved shoulder that permits downward movement of the locking bar, the bolt continuously engages the locking bar while in the locked state but allows the locking bar to pass downwardly through the locking bar-receiving aperture"<br><br>Alternatively, this phrase is part of the means-plus-function claim discussed with regard to term Number 3 above. Pursuant to 35 USC § 112 and should be construed as "integral locking means comprising a spring-loaded bolt that (1) contains a grooved distal shoulder that is continuously urged into the locked position by a spring, (2) retracts to allow downward adjustment of the locking bar, and that is movable from the continuously locked/engaged position with a key, or the equivalents thereof."<br><br>Support for these constructions may be found at: Figures 1-6; Col. 2, lines 33-51; Col. 3, lines 9-17; Col. 3, 49-51; Col 3, lines 58-67; Col. 4, lines 1-12; Col. 4, lines 13-35; Col. 4, line 44-47; Col. 5, lines 1-24 and the prosecution history. | No construction necessary. Alternatively, the lock engages the locking bar within the aperture to prevent removal of the locking bar from the aperture. |

Dated: December 9, 2013

Respectfully submitted,

| | |
|---|---|
| *s/ Aaron P. Bradford* <br> Aaron P. Bradford <br> Alexander C. Clayden <br> Jessie L. Pellant <br> LATHROP & GAGE LLP <br> US Bank Tower <br> 950 17th Street, Suite 2400 <br> Denver, Colorado 80202 <br> Phone: (720) 931-3200 <br> Fax: (730) 931-3201 <br> Email:   abradford@lathropgage.com <br>             aclayden@lathropgage.com <br>             jpellant@lathropgage.com <br><br> *Attorneys for Plaintiffs Wyers Products Group, Inc. and Philip W. Wyers* |   *s/ Matthew J. Cavanagh* <br> David B. Cupar <br> Matthew J. Cavanagh <br> MCDONALD HOPKINS LLC <br> 600 Superior Avenue, East, Suite 2100 <br> Cleveland, Ohio 44114 <br> t 216.348.5730 │ f 216.348.5474 <br> dcupar@mcdonaldhopkins.com <br> mcavanagh@mcdonaldhopkins.com <br><br> and <br><br> Andrew J. Petrie <br> BALLARD SPAHR LLP <br> 1225 17th Street, Suite 2300 <br> Denver, Colorado 80202-5596 <br> petriea@ballardspahr.com <br><br> *Counsel for* <br> *Cequent Performance Products, Inc* |

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2013, I electronically filed the foregoing **JOINT CLAIM CONSTRUCTION STATEMENT REGARDING US PATENT NO. 6,722,686** with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following:

Aaron P. Bradford
LATHROP & GAGE, LLP
950 Seventeenth Street
Suite 2400
Denver, Colorado 80202
abradford@lathropgage.com
t 720.931.3214
f 720.931.3201

*Counsel for*
*Plaintiffs*

    s/ Matthew J. Cavanagh
*Counsel for*
*Cequent Performance Products, Inc.*