**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-02640-REB

WYERS PRODUCTS GROUP, INC. a Colorado corporation, and
PHILIP W. WYERS,

      Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

      Defendant.

---

**WYERS PRODUCTS GROUP AND PHILIP W. WYERS' ANSWER TO CEQUENT PERFORMANCE PRODUCTS, INC'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

---

Plaintiffs Philip W. Wyers and Wyers Products Group, Inc. ("Wyers"), by and through counsel Lathrop & Gage LLP, hereby Answers Defendants' First Amended Complaint (hereinafter "Complaint") as follows:

## Summary Of Case

1. The comments in Paragraph 1 do not appear to be allegations, but rather a description of the cause of action.  Wyers denies the comments in paragraph 1.  Wyers does admit that the '686 Patent was attached to the complaint as Exhibit A.

## The Parties

2. Wyers admits paragraph 2.

3. Wyers admits paragraph 3.

4. Wyers admits paragraph 4.

## Jurisdiction and Venue

5.     Wyers denies paragraph 5.  Wyers admits that the United States District Court for the District of Colorado has jurisdiction over the First Amended Complaint as consolidated with Civil Action No. 12-CV-02640-REB-KMT.  Wyers admits that jurisdiction is appropriate under 28 USC § 1331 and § 1338.

6.     Wyers denies paragraph 6.  Wyers admits that the United States District Court for the District of Colorado has personal jurisdiction over Wyers.

7.     Wyers denies paragraph 7.  Wyers admits that the United States District Court for the District of Colorado has personal jurisdiction over Wyers.

8.     Wyers denies paragraph 8.

9.     Wyers denies paragraph 9.  Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(b).

## II.     FACTUAL ALLEGATIONS

10.    Wyers admits Paragraph 10.

11.    Wyers admits Paragraph 11.

12.    Wyers admits the '686 patent speaks for itself and that Figure 3 of the patent is depicted in Paragraph 12.  Wyers otherwise denies Paragraph 12.

13.    Wyers admits the '686 patent speaks for itself.  Wyers otherwise denies Paragraph 13.

14.    Wyers admits paragraph 14.

15. Wyers admits Cequent sells a universal coupler lock and denies the remainder of Paragraph 15.

16. Wyers is without sufficient knowledge to admit or deny Paragraph 16 and therefore denies the same.

17. Wyers admits Paragraph 17.

18. Wyers denies Paragraph 18.

19. Wyers denies Paragraph 19 as an incomplete recitation of events.

20. Wyers denies Paragraph 20. Wyers admits that it sells and has sold the UMAX 50 and UMAX 100 on www.trimaxlocks.com and through other traditional and electronic retail outlets.  Wyers denies that its products infringe the '686 patent and therefore objects to the use of the phrase "Accused Products" as applied to the UMAX50 and UMAX100.

## **Count One**
*Infringement of the '686 Patent*

21. Wyers incorporates its responses to the allegations set forth in Paragraphs 1-20 as if fully set forth herein.

22. Wyers denies Paragraph 22.

23. Wyers denies Paragraph 23.

24. Wyers denies Paragraph 24. Wyers admits that a true copy of the product packaging for the UMAX100 is attached as Exhibit B and that it speaks for itself.

25. Wyers denies Paragraph 25.

26. Wyers denies Paragraph 26.

27. Wyers denies Paragraph 27.

28. Wyers denies Paragraph 28.

29. Wyers denies Paragraph 29.

30. Wyers admits Paragraph 30.

31. Wyers denies Paragraph 31 as incomplete statement of events. Wyers established that his products do not infringe a valid patent.

32. Wyers denies Paragraph 32. Wyers admits that Mr. Wyers is the sole/majority owner of Products Group.

33. Wyers denies Paragraph 33.

34. Wyers denies Paragraph 34.

35. Wyers denies Paragraph 35.

36. Wyers denies Paragraph 36.

37. Wyers denies Paragraph 37.

38. Wyers denies Paragraph 38.

39. Wyers denies Paragraph 39.

40. Wyers denies Cequent's prayer for relief and each of the subparagraphs A-K.

41. Wyers denies any allegation of the First Amended Complaint that is not expressly admitted above.

### III.   AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Cequent's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Cequent's claim for infringement of the '686 Patent is barred by the doctrines of laches.

## THIRD DEFENSE

Cequent's claim for damages are barred, in whole or in part, pursuant to 35 USC § 287.

## FOURTH DEFENSE

The '686 Patent is invalid pursuant to 35 U.S.C. § 102, 103 and/or 112.

## FIFTH DEFENSE

Wyers is not now nor has it infringed a valid claim of the '686 patent, either literally or under the doctrine of equivalents, through inducement or contributory infringement.

## SIXTH DEFENSE

The '686 patent is unenforceable under the doctrine of inequitable conduct.

## SEVENTH DEFENSE

Cequent's damages are limited by its failure to properly mark its commercial embodiments. Cequent is barred under 35 U.S.C. § 287 from obtaining relief from sales prior to the service of the complaint, wherein Wyers first received notice of Cequent's claim of infringement of the '686 Patent.

## EIGHTH DEFENSE

Wyers has not willfully infringed the '686 Patent as he had a reasonable and good faith belief that UMAX50 and UMAX100 did not infringe a valid patent.

### NINTH DEFENSE

Cequent's claims for infringement of the '686 Patent are barred by the doctrines of acquiescence, waiver and/or estoppel.

### TENTH DEFENSE

Wyers is the true inventor of the claims set forth in the '686 Patent by virtue of prior inventorship.

Wyers provides notice that it intends to rely upon any additional defenses that may become available or apparent during discovery, and reserves its right to amend this pleading and to assert such additional defenses or, if applicable, withdraw any of the above-delineated defenses as discovery proceeds.

### IV.  COUNTERCLAIMS

Counterclaim Defendant, Wyers asserts the following Counterclaims against Counterclaim Plaintiff, Cequent as follows:

### THE PARTIES

1. Plaintiff, Philip W. Wyers, is a resident of the state of Colorado with the professional address of 6770 S. Dawson Circle, Suite 200, Centennial, Colorado 80112.

2. Plaintiff Wyers Products Group (collectively including Plaintiff Philip W. Wyers as "Wyers"), is a Colorado corporation having its principal place of business at 6770 S. Dawson Circle, Suite 200, Centennial, Colorado, 80112.

3. Phillip W. Wyers is the owner and President of Wyers Products.

4. Defendant Cequent Performance Products is a division of TriMas Corporation ("Cequent"). Defendant Cequent has its principal place of business at 47912 Halyard Drive, Suite, 100, Plymouth, MI 48170.

5. Cequent does business within the state of Colorado on a regular and continued basis under the trade name Reese.

## JURISDICTION AND VENUE

6. This is an action for patent infringement and for damages under United States Patent law, 35 U.S.C. §§ 271, *et. seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

7. This Court has jurisdiction over the parties as Wyers has its principal operations located within the District of Colorado and the accused product is marketed, manufactured or sold within the District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) as Defendant is located within the District and Defendant has manufactured, marketed and sold the accused product within the District.

## FIRST CLAIM OF RELIEF

### Declaration of Invalidity of the '686 Patent

9. Wyers incorporates by reference all allegations of paragraphs 1-8 of this Counterclaim as though fully set forth herein.

10. An actual and judiciable controversy has arisen regarding whether the '686 Patent is valid. By its Complaint, Cequent has asserted that the '686 Patent is

valid and has asserted a purported claim alleging infringement of the '686 Patent against Wyers.

11.     Wyers has denied Cequent's claim of infringement and has asserted that the '686 Patent is invalid for failure to meet the conditions of patentability set forth in, or requirements of, one or more provisions of patent laws in the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

12.     Absent a declaration that the '686 Patent is invalid, Cequent will continue to wrongfully assert the '686 Patent against Wyers in violation of the laws and contrary to the public policy of the United States and thereby continue to cause Wyers irreparable damage.  Because the above activities and actions have created an actual and judiciable controversy, Wyers seeks a declaration that the '686 Patent is invalid.

13.     Wyers prays for an order from this Court invalidating the '686 Patent. Wyers prays for the recovery of all reasonable litigation expenses and attorney fees associated with the prosecution of this invalidity claim as it was made necessary by Cequent's pursuit of infringement.

## SECOND CLAIM FOR RELIEF

### Declaration of Non-Infringement of the '686 Patent

14.     Wyers incorporates by reference all allegations of paragraphs 1-13 of this Counterclaim as though fully set forth herein.

15.     An actual and judiciable controversy has arisen between Wyers and Cequent concerning whether Wyers current products infringe any rights Cequent claims

to have under the '686 Patent. By its Compliant, Cequent has asserted a purported claim alleging infringement of the '884 Patent by Wyers.

16.     Wyers has denied Cequent's claim of infringement. Wyers has not manufactured, imported or offered for sale any product that has infringed, currently infringes or would infringe any claims of the '686 Patent and has not contributorily infringed nor induced infringement of the '686 Patent by others.

17.     Because of the above activities and actions have created an actual and judiciable controversy, Wyers seeks a declaration that it does not infringe the '686 Patent.

18.     Wyers prays for a judgment from this Court declaring that Wyers past and current product lines do not infringe the '686 Patent. Wyers prays for the recovery of all reasonable litigation expenses and attorney fees associated with the prosecution of this affirmative claim for non-infringement as it was made necessary by Cequent's pursuit of infringement.

19.     Cequent's pursuit of the present infringement claim constitutes an "exceptional case."

## REQUESTED RELIEF

WHEREFORE, Wyers prays that:

    A.    The Court dismiss the Complaint with Prejudice;

    B.    The Court order that Cequent is not entitled the relief, whether requested in the Complaint or otherwise;

    C.    The Court adjudges the claims of the '686 Patent to be invalid and/or not infringed;

    D.    The Court declare this to be an exceptional case under 35 U.S.C. § 285 and award Wyers its reasonable attorneys' fees;

    E.    The Court award Wyers its costs; and

    F.    The Court grant Wyers any further and additional relief that this Court deems just and proper.

Respectfully submitted, this 12th day of December, 2013.

> LATHROP & GAGE LLP
>
> s/ *Aaron P. Bradford*
> Aaron P. Bradford
> Alexander C. Clayden
> Jessie L. Pellant
> 950 17th Street, Suite 2400
> Denver, Colorado 80202
> Phone:  (720) 931-3200
> Fax:    (720) 931-3201
> Email:  abradford@lathropgage.com
>          aclayden@lathropgage.com
>          jpellant@lathropgage.com
>
> *Attorneys for Plaintiffs Wyers Products Group and Philip W. Wyers*

## **CERTIFICATE OF SERVICE**

      I hereby certify on this 12th day of December, 2013, a true and correct copy of the foregoing **WYERS PRODUCTS GROUP AND PHILIP W. WYERS' ANSWER TO CEQUENT PERFORMANCE PRODUCTS, INC'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM** was filed via CM/ECF, which will electronically mail notice to the following:

David B. Cupar
Matthew J. Cavanagh
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Andrew J. Petrie
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, Colorado 80202-5596
petriea@ballardspahr.com

                                                 *s/ Lorraine L. Labash*
                                                 *Legal Administrative Assistant*