IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02640-REB-KMT
(consolidated with Civil Action No. 13-cv-02976-REB-KMT)

WYERS PRODUCTS GROUP, INC. et al.,

    Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Wyers Products Group, Inc., Philip W. Wyers, and Cequent Performance Products, Inc. (collectively the "Parties," and individually a "Party") anticipate that discovery in this action will require the production of documents, things, and testimony that may contain confidential, sensitive, or proprietary information. In the interest of expediting discovery and limiting disputes regarding access to such information, the Parties hereby stipulate and agree to the request for, and entry of, the Stipulated Protective Order ("Protective Order") set forth below.

Based on the stipulation of the Parties, and for good cause shown, IT IS HEREBY ORDERED THAT:

    1.    All documents, information, and items produced in the course of discovery, including initial disclosures; responses to interrogatories and requests for admissions; production and disclosure of documents, information, and items; and deposition testimony and exhibits, whether produced by a Party or nonparty, shall be subject to this Protective Order as set forth below.

2. Any information or materials produced by any Party or nonparty as part of discovery in this action may be designated by such Party or nonparty (the "Designating Party") as (1) "CONFIDENTIAL" or (2) "ATTORNEYS' EYES ONLY" ("Designated Material") under the terms of this Protective Order.

3. By designating something as Designated Material, counsel for the Designating Party certifies under Rule 26(g) of the Federal Rules of Civil Procedure that to the best of counsel's knowledge, information, and belief formed after a reasonable inquiry that the designation is (a) consistent with the Federal Rules of Civil Procedure and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (b) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (c) not unreasonable.

4. Subject to Paragraph 3 above, information or materials may be designated as CONFIDENTIAL if the Designating Party believes in good faith that such information or materials must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as CONFIDENTIAL, such designated information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5. Subject to Paragraph 3 above, information or materials may be designated as ATTORNEYS' EYES ONLY if the Designating Party believes in good faith that such materials comprise highly confidential information that likely would be of

value to a competitor or potential customer of the Designating Party possessing the information and that therefore must be protected from disclosure. ATTORNEYS' EYES ONLY information may include, without limitation, highly sensitive technical information, highly sensitive financial information, marketing plans and forecasts, pricing and cost information, and customer names and lists. Absent a specific order by this Court, once designated as ATTORNEYS' EYES ONLY, such designated information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

6. The designation of information or material as CONFIDENTIAL or ATTORNEYS' EYES ONLY for purposes of this Protective Order shall be made in the following manner by the Designating Party:

(a) In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the words CONFIDENTIAL or ATTORNEYS' EYES ONLY, as appropriate, to each page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Designating Party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(b) In the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or

trial proceeding that the entire transcript or a portion thereof shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as appropriate, hereunder; or (ii) by written notice of such designation sent by the Designating Party to all Parties within 15 days after the Designating Party's receipt of the transcript of the deposition from the court reporter. The Parties shall treat all deposition and other pretrial and trial testimony as ATTORNEYS' EYES ONLY until the expiration of 15 days after the Designating Party's receipt of the transcript of the deposition from the court reporter. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the terms of this Protective Order, including the exclusion from the deposition of those persons not eligible to receive access to the materials so designated.

7.   Information or material designated as CONFIDENTIAL, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) The Parties' counsel in this action and regular and temporary employees of such counsel, as well as imaging or copy vendors retained by counsel, to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) Employees of the Parties whose assistance is needed by counsel for the purposes of this litigation and subject and conditioned upon compliance with paragraph 11 below;

(c) Consultants as defined in paragraph 9 below and pursuant to the provisions of Paragraph 10 below and subject and conditioned upon compliance with Paragraph 10 below;

(d) The Court;

(e) Court reporters employed in connection with this action;

(f) Graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 10 below;

(g) Non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 10 below; and

(h) Any other person only upon order of the Court or upon written consent of the Designating Party.

8. Information or material designated as ATTORNEYS' EYES ONLY, or copies or extracts therefrom and compilations and summaries thereof, may be

disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) Parties' counsel and regular and temporary employees of such counsel, as well as imaging or copy vendors retained by counsel, to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) Consultants as defined in Paragraph 9 below and pursuant to the provisions of Paragraph 10 below and subject to and conditioned upon compliance with Paragraph 10 below;

(c) The Court;

(d) Court reporters employed in connection with this action;

(e) Graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 10 below;

(f) Non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 9 below; and

(g) Any other person only upon order of the Court or upon written consent of the Designating Party.

9. For purposes of Paragraphs 7(c) and 8(b) above, a "consultant" shall be defined as a person who is neither an employee of a Party at the time of disclosure nor

anticipated to become an employee, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a Party.

10. The procedure for having a consultant approved for access to Designated Material shall be as follows:

(a) The Party seeking to have a consultant, as defined in Paragraph 9 above, approved shall provide the other Party with a current resume or curriculum vitae of such person and a copy of a completed and signed Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.

(b) A Party may object by e-mail to the person proposed for approval within 10 days after receiving the information and signed undertaking described in subparagraph (a) by the Party seeking approval if facts available to that party give it reason to believe that there is a reasonable likelihood that the designated person may use Designated Material for purposes other than the preparation or trial of this case or that disclosure to such person would threaten the producing Party' or nonparty's business or interests. Failure to object within 10 days to a person proposed shall be deemed approval, but shall not preclude a Party from objecting to continued access of Designated Material information by that person where facts establish a bona fide likelihood that the designated person will use the designated information for purposes other than preparation or trial of the

case or that disclosure to such person would threaten the producing Party' or nonparty's business or interests.

(c)     If a Party so objects, the Parties shall, within 5 days from the date of e-mailing the notice of objection, confer and attempt to resolve the dispute. At that conference, the objecting Party shall inform the Party requesting approval of its good faith reasons for objecting to the designated person. If the Parties cannot resolve the dispute within 10 days from the date of the notice of objection, the objecting Party may move the Court for an order that access to Designated Material be denied to the designated person. This procedure shall not preclude a Party from objecting to continued access to Designated Material where facts establish a bona fide likelihood that the designated person will use the designated information for purposes other than preparation or trial of this case or that disclosure to such person would threaten the producing Party' or nonparty's business or interests.

11.     All persons listed in Paragraphs 7(b), 7(c), 7(f)-7(h) above may be given access to information or material designated as CONFIDENTIAL, provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A. Similarly, all persons listed in Paragraphs 8(b) and 8(e)-(g) above may be given access to information or material designated as ATTORNEYS' EYES ONLY provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by

completing and signing a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.

12. Any person may be examined as a witness during a deposition concerning Designated Material when it appears that person had received the information or material prior to being examined in accordance with the terms of this Protective Order or by other lawful means, or when the person is the Designating Party or its current owner, officer, director, shareholder, affiliate, employee, representative, or agent.

13. The Parties must file documents containing Designated Material under seal in accordance with Rule 7.2 of the Rules of Local Practice for the United States District Court for the District of Colorado and otherwise must comply with Rule 7.2, which will govern the Court's treatment of Designated Material.

14. A Party may challenge a Designating Party's designation of information or materials produced herein as CONFIDENTIAL or ATTORNEYS' EYES ONLY by serving a written objection upon the Designating Party. Any such objection must be served no less than 45 days before the dispositive motion deadline. The Designating Party shall notify the challenging Party in writing of the bases for the asserted designation within 10 days after receiving any written objection. The Parties and, if applicable, the nonparty shall confer in good faith as to the validity of the designation within 5 days after the challenging Party has received the notice of the bases for the asserted designation. To the extent an agreement as to the designation is not reached, the objecting Party may make an appropriate application to this Court after conferring

with the Designating Party, requesting that specifically identified documents, information, or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the Parties, nonparty, or the Court, all Parties and other persons shall treat the information or materials in question as designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

15. All Designated Material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 7 and 8 above as persons properly having access thereto.

16. All counsel for the parties who have access to Designated Material under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

17. Entering into, agreeing to, or producing or receiving Designated Material, or otherwise complying with the terms of this Protective Order shall not:

    (a) Operate as an admission by any Party that any particular Designated Material contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

    (b) Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party or nonparty to be CONFIDENTIAL or ATTORNEYS' EYES ONLY;

(c) Prejudice in any way the rights of any Party to object to the production of documents they consider not subject to discovery;

(d) Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(e) Prejudice in any way the rights of any Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) Prejudice in any way the rights of any Party or nonparty to petition the Court for a further protective order relating to any purportedly confidential information;

(g) Prejudice in any way the rights of any Party or nonparty to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of ATTORNEYS' EYES ONLY information or materials itemized in Paragraph 5 above, is properly designated ATTORNEYS' EYES ONLY; or

(h) Prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

18. This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose. Nothing

contained herein shall impose any restrictions on the use or disclosure by a Party of documents, information or material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY obtained lawfully by such Party independently of any proceedings in this action, or which:

    (a)    Was already known to such Party by lawful means prior to acquisition from, or disclosure by, any other Party in this action;

    (b)    Is or becomes publicly known through no fault or act of such Party; or

    (c)    Is rightfully received by such Party from a third party which has authority to provide such information or material and without restriction as to disclosure.

19.    If a Party or nonparty inadvertently produces CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking it as such, it may be disclosed to others until the disclosing Party or nonparty provides actual written notice to the receiving Party or the receiving Party becomes aware of the disclosing Party's or nonparty's error; provided, however, that the receiving Party is under such obligation only if it clearly appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the Party or nonparty. As soon as the disclosing Party or nonparty notifies the receiving Party of the inadvertent production, the information will be treated as if it had been timely designated under this Protective Order, and the receiving Party agrees to endeavor in good faith to obtain all copies of the document which it distributed or disclosed to

persons not authorized to access such information by Paragraphs 7 or 8 above, as well as any copies made by such persons.

20. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of documents protected under this Protective Order; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the provisions of this Protective Order.

21. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

22. The terms of this Protective Order shall govern discovery and other pretrial proceedings in this action.

23. Each Party is entitled to seek modification of this Protective Order by application to the Court on notice to the other Party hereto for good cause.

24. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

25. Except as otherwise provided in paragraph 26 below, within 60 days after the conclusion of this action and any appeals arising therefrom, all originals and copies of Designated Material, other than Designated Material in possession of the Court or

Court personnel, shall be destroyed and a written statement certifying destruction shall be sent to the Designating Party. Alternatively, at the option of the Designating Party, and at its expense, a Designating Party may request that all Designated Material it produced be returned for its own disposition.

26. After the conclusion of this action and any appeals arising therefrom, counsel for any Party in receipt of Designated Material under the Protective Order may retain copies of any Designated Material as counsel reasonably deems necessary to the proper maintenance of counsel's files with respect to this action. Such copies shall not be disclosed to anyone outside of counsel's law firm.

27. If a subpoena, court order, discovery request, or other compulsory process is received by a Party or its counsel requesting Designated Material received under this Protective Order, the Party or counsel subject to the request shall object to the production of the Designated Material based on the obligations of non-disclosure under this Protective Order and shall notify the Designating Party so that Party may intervene and seek protection of its Confidential Material.

28. To the extent that either Party wishes to use any Designated Material in any court proceeding in this action or any appeal therefrom, Counsel for the Parties shall confer on such procedures as are necessary and appropriate to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. Use of Designated Material in pretrial proceedings shall not affect its status as CONFIDENTIAL or ATTORNEYS' EYES ONLY material. With respect to trial of this matter, to the extent such conferral produces agreement between the

Parties, the agreed-upon procedures to protect confidentiality shall be incorporated, as appropriate, into the Final Pretrial Order. Any disagreement pertaining to use of Designated Material at trial that cannot be resolved by conferral of counsel shall be presented for resolution by the Court, as appropriate.

**IT IS SO ORDERED.**

Dated: December 16, 2013

Kathleen M. Tafoya
United States Magistrate Judge

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02640-REB-KMT
(consolidated with Civil Action No. 13-cv-02976-REB-KMT)

WYERS PRODUCTS GROUP, INC. et al.,

    Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

    Defendant.

---

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

---

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order ("Protective Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Colorado in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him or her to use documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

{4562192:}

Name: _____

Job Title: _____

Employer: _____

Business Address:

_____

_____

_____          _____
Date                                                   Signature