IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02640-REB-KMT
(consolidated with Civil Action No. 13-cv-02976-REB-KMT)

WYERS PRODUCTS GROUP, INC. et al.,

    Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,

    Defendant.

---

CEQUENT'S REPLY CLAIM CONSTRUCTION BRIEF FOR THE '686 PATENT

---

Cequent now replies to Wyers Products Group, Inc.'s and Phillip W. Wyers' (collectively, "Wyers") Responsive Claim Construction Brief for the '686 Patent [#122] ("Resp."), filed on January 31, 2014.

## I. "Locking Bar"

Wyers has "adopt[ed]" Cequent's construction for "locking bar." (Resp. at 4.) Therefore, the Court should adopt Cequent's construction of "a bar that holds the plug member to the coupler when the bar is locked to the base." (Joint Stmt. at 2, [#106].)

## II. "Integral Lock"

### A. The Court Should Not Adopt Wyers' "Integral Lock" Construction

Wyers proposes a 35-word construction for "integral lock" that seeks to import at least five unclaimed limitations into that term, including a "spring-loaded bolt" that can be "released by the key" and can be "retracted by the downwardly adjusting locking bar." Cequent's opening brief showed how that construction would violate Federal

Circuit law by improperly importing limitations into the claims. (*See* Ceq. Brief at 11-13, [#120].) Cequent also showed how the intrinsic claim language, specification, and prosecution history do not support Wyers' narrowing proposal. (*Id.*)

Wyers' brief does not address these points. Nor does Wyers address – let alone establish – the requisite "clear and unmistakable disavowal of claim scope" standard necessary to narrow the meaning of "integral lock." *See Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1331 (Fed. Cir. 2012). Indeed, the prosecution history precludes such an argument as Cequent overcame the prior art rejections by explaining how its invention secures "unhitched" trailer couplers and utilizes an "integral" lock, as opposed to prior art padlocks that are not integral. (Office Action Resp. at 7-8.)[1] Patentability, therefore, had nothing to do with the numerous limitations that Wyers seeks to import into the "integral lock" term. Therefore, the Court should not adopt Wyers' construction.

### B. Wyers Cannot Prove "Integral Lock" Is In Means-Plus-Function Form

Without law or evidence for its primary proposal, Wyers spends most of its brief on its "alternative" proposal that "integral lock" be construed as a means-plus-function limitation. The law and evidence also do not support Wyers' alternative proposal.

#### 1. Wyers' Proposal Violates The Claim Differentiation Doctrine

Wyers' means-plus-function arguments violate the claim differentiation doctrine. Under that doctrine, variations in language from one claim to another trigger a presumption of differing claim scope between those claims. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1314-15 (Fed. Cir. 2005) (en banc). Claims 1-3 include the all-important

---

[1] The Office Action Response is Exhibit E to Cequent's Opening Claim Construction Brief [#120-5].

"means" term by reciting an "integral locking means" and, therefore, are written in means-plus-function form. Cequent withdrew claims 1-3 from this case. In contrast, claims 4-18 do not use the word "means," but rather claim an "integral lock." Under claim differentiation, the differing language in claims 4-18 means they are not in means-plus-function form. This is further confirmed by the USPTO allowing claim 4. If, as Wyers contends, both claims 1 and 4 are in means-plus-function form, then claims 1 and 4 would be identical and the USPTO would have objected to claim 4 under MPEP 706.03(k) as being a substantial duplicate of claim 1.[2] By allowing claim 4, the USPTO manifested its understanding that "integral lock," as recited in claims 4-18, is not in means-plus-function form.

### 2. Wyers Cannot Show "Integral Lock" Lacks Sufficient Structure

Due to the absence of the term "means," "integral lock" is presumptively *not* a means-plus-function limitation. *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1358 (Fed. Cir. 2004). That presumption "is a strong one that is not readily overcome." *Id.*; *see also id.* at 1362 ("[W]e have seldom held that a limitation not using the term 'means' must be considered to be in means-plus-function form. In fact, we have identified only one published opinion since [the 1996] *Greenberg* [decision] in which we have done so . . . ."). To overcome the strong presumption, Wyers must prove by a preponderance of the evidence that "integral lock" does not recite "sufficiently definite structure." *Lighting World*, 382 F.3d at 1358. Because "lock" is a well known term for a structural device, Wyers cannot meet its burden.

---

[2] The version of MPEP 7060.3(k) in effect when the USPTO examined the application is available at www.uspto.gov/web/offices/pac/mpep/old/E8R1_700.pdf.

Wyers says that "lock" recited in claims 4-18 is a "functional term" and, therefore, cannot define a structure. (Resp. at 8; *see also id.* at 3, 16-18.) The Federal Circuit, however, rejected this very argument and specifically identified "lock" as a common example of a functional term that, in noun form, defines sufficient structure. *See Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1583 (Fed. Cir. 1996).

The district court in *Greenberg* ruled that "detent mechanism" was a means-plus-function limitation because it "did not describe a particular structure but described any structure that performed a detent function." *Greenberg*, 91 F.3d at 1583. The Federal Circuit rejected this rationale and reversed. It explained that many functional terms also define sufficient structure:

> [T]he fact that a particular mechanism—here "detent mechanism"—is defined in functional terms is not sufficient to convert a claim element containing that term into a "means for performing a specified function" within the meaning of section 112(6). Many devices take their names from the functions they perform. The examples are innumerable, such as "filter," "brake," "clamp," "screwdriver," or "***lock***."
>
> "Detent" (or its equivalent, "detent mechanism") is just such a term.

*Id.* at 1583 (emphasis added). The dictionary definition of "detent," the court noted, confirms that the term refers to a structural element with a generally understood meaning in the mechanical arts. *Id.*

Since the Federal Circuit has specifically identified "lock" as having a sufficiently definite structural meaning, Wyers cannot meet its burden to prove otherwise. This is especially true because, as with "detent," dictionaries define "lock" as a structural device with a generally understood meaning. *See The American Heritage College Dictionary* 795 (3d ed. 1993) ("A device operated by a key, combination, or keycard and used for

holding, closing, or securing."); *Merriam-Webster's Collegiate Dictionary* 682 (10th ed. 2001) ("a fastening (as for a door) operated by a key or a combination").[3] This is also why a Michigan district court ruled that "lock assembly" defines sufficient structure to determine that this term was not a means-plus-function limitation. *See Stryker Corp. v. Zimmer, Inc.*, No. 1:10-cv-1223, 2012 WL 333814, at *7 (W.D. Mich. Feb. 1, 2012).

That claims 4-18 add more structural definition to the "lock" term—through the word "integral"—further precludes Wyers from satisfying its burden. The Federal Circuit has ruled that claims add more structural definition to a structural element when they identify its location. *See Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 531 (Fed. Cir. 1996) ("perforation means" <u>not</u> a means-plus-function limitation where claims describe the location of the "perforation"). Here, the claims add more structural specificity by requiring that the lock be located "integral" within the base, excluding external padlocks from the pool of claimed locks. As to the "integral" term, Wyers' brief offers only the incorrect, unsupported, and conclusory lawyer statement that "'integral' lends no more structure to the ["lock"] than its absence would lend." (Resp. at 8.) The Court should reject Wyers' alternate argument on this second, additional basis.

### 3. "Integral Lock" Is Not A Substitute For "Means For"

The exceptional cases in which the Federal Circuit declared a term lacking the word "means" to be a means-plus-function limitation highlight why Wyers cannot overcome the presumption here. In those rare cases, the structural term was "simply a nonce word or a verbal construct that is not recognized as the name of structure and is

---

[3] Copies of these dictionary definitions of "lock" are attached as Exhibit A.

simply a substitute for the term 'means for.'" *Lighting World,* 382 F.3d at 1360. In *Mas-Hamilton*, the Federal Circuit ruled that "lever moving element" and "movable link member" were in means-plus-function form. *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1213-15 (Fed. Cir. 1998). That is because "element" and "member" were mere proxies for the word "means" and encompassed any device that performed the claimed movement functions. Similarly, in *Welker Bearing*, "mechanism for moving said finger" was a means-plus-function limitation because "mechanism" was a mere "functional placeholder" and a substitute for the word "means." *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1096 (Fed. Cir. 2008).

As stated in *Greenberg*, "lock" is not a meaningless placeholder such as "means," "element," "member," or "mechanism." *Greenberg*, 91 F.3d at 1583. Instead, it has specific meaning that is understood to refer to a specific class of devices: locks. Thus, only a "lock," and not *any* "means" or "element," could meet the "integral lock" limitation.

Wyers speculates that an "infinite number of locks" could satisfy the "lock" limitation. (Resp. at 18.) While this is untrue—since non-integral padlocks are excluded—it does not matter because claim terms need not "denote a specific structure." *Lighting World*, 382 F.3d at 1359. In *Lighting World*, a party tried to make a similar argument by offering expert witness testimony that "the term 'connector' encompasses 'at least a single infinity of possible devices.'" *Id.* The Federal Circuit rejected this argument because it was built on the false premise that a claim limitation "must identify a specific structure and not use a generic term that includes a wide

variety of structures." *Id.* The court held "it is sufficient if the claim term is used in common parlance or by persons of skill in the pertinent art to designate structure, even if the term covers a broad class of structures and even if the term identifies the structures by their function." *Id.* Because "lock" is used in common parlance and by skilled artisans to designate structure, Wyers cannot prove it is only a functional term.

### 4. The Specification Does Not Support Wyers' Position

Wyers also cannot overcome the presumption that "integral lock" is structural because the '686 patent specification supports the fact that it has a sufficiently definite structure. The specification identifies "integral lock" as, for example, a "locking mechanism." ('686 patent at Abstract ("Providing a coupler lock having an integral locking mechanism better deters tampering…"), at col. 2, ll. 24-25; col. 3, ll. 53-58; col. 4, l. 27; col. 5, l. 1.)

And the Federal Circuit flatly rejected Wyers' argument that "integral lock" should be limited to means-plus-function format because the word "means" appears in the specification. *Greenberg*, 91 F.3d at 1583-84 (Federal Circuit rejected district court's reliance on the patentee's use of the "means" term in the specification as evidence that "detent mechanism" lacked definite structure). In *Greenberg*, the Federal Circuit noted that the drafter of the patent application was merely "enamored" with the word "means," as it appeared repeatedly, and used it simply as "shorthand" to refer to key structural elements of the invention. *Id.* The same is true here, which means that Wyers cannot establish its burden on this additional basis.

### 5. The Prosecution History Does Not Support Wyers' Position

Wyers also argues that the USPTO's use of the term "integral locking means" in its "Reasons for Allowance," and Cequent not responding to that statement, proves that "integral lock" lacks sufficiently definite structure. (Resp. at 10-13.) Wyers is mistaken both legally and factually. Legally, Wyers does not cite a single case where the USPTO's use of the term "means" in the prosecution history is evidence that converts claims lacking the word "means" into mean-plus-function form.

Factually, the prosecution history belies Wyers' misreading of the USPTO's statement as some broad decision that claims 4-18 somehow include means-plus-function limitations. (Resp. at 10.) Nowhere in the prosecution history does the USPTO or Cequent ever mention "means-plus-function" or "35 U.S.C. § 112 ¶ 6." It was never an issue in prosecution so that the USPTO *never* addressed or decided that issue as Wyers claims the USPTO did. Instead, Cequent overcame the prior art rejections because, unlike prior art coupler locks, it claimed: (i) a lock that is "integral" within the base and, therefore, less prone to tampering by thieves; and (ii) a device for locking an "unhitched" coupler lock, whereas the prior devices cited by the USPTO locked trailer couplers while "hitched" to the towing vehicles. (Resp. to Office Action at 7-8.) If the USPTO believed that all of the claims required "means-plus-function" language, then it would have required Cequent to amend all of the claims to include it. The USPTO, however, did no such thing, which means that Cequent did not need to write claims 4-18 in means-plus-function form to obtain the patent.

Because the USPTO's mere use of the term "means" did not equate to a decision that all claims of the '686 patent were in means-plus-function form, there was no reason for Cequent to respond to that statement and, therefore, no inference can be drawn from it not doing so. And Federal Circuit precedent establishes that Cequent had no obligation to respond and that no inference may be drawn from its silence. In *Salazar*, a patentee did not respond to an Examiner's Reason for Allowance stating that "nylon" is not an "elastic." *Salazar v. Procter & Gamble Co.*, 414 F.3d 1342, 1344, 1348 (Fed. Cir. 2005). In litigation, the district court construed "elastic" to exclude "nylon" based on the patentee's non-response to the Examiner's statement. The Federal Circuit vacated that ruling and held that, as a matter of law, no inference may be drawn from a patentee's silence. *Salazar* flatly rejected Wyers' argument that Cequent's silence is "strong evidence," and it distinguished the language from *Torpharm* and *Elkay* that Wyers cites as dicta and addressing different issues. *Id.* at 1345.

### 6. Other Patents' Use Of "Integral Lock" Supports Cequent

Wyers says that it found four unrelated patents that "either claim 'integral lock' as a means-plus-function term, or they claim substantial structural elements within the claim language." (Resp. at 17.) Those selectively chosen patents have no evidentiary value because Wyers offers no evidence that establishes why the claims were drafted in that manner. Other plausible or more likely reasons for the claim language include drafting around one or more prior art references, reading specifically on a competitor's product, or mere drafting style of the patent attorney. Moreover, a quick search of the USPTO's patent database found a plethora of issued patents that claim an "integral

lock" without the word "means" and without claiming additional structural components of the "integral lock." (*See, e.g.*, U.S. Patent No. 6,083,132, claim 24 at col. 9, l. 30; U.S. Patent No. 6,641,422, claim 9 at col. 7, l. 36; U.S. Patent No. 7,178,311, claim 16 at col. 8, l. 16; U.S. Patent No. 7,182,782, claim 35 at col. 11, l. 66; U.S. Patent No. 8,436,731, claim 21 at col. 16, l. 39.)[4] That the USPTO would issue those patents, and the '686 patent, confirms that the term "integral lock" alone defines sufficient structure without being in means-plus-function form.

### III. "For Lockingly Engaging . . ."

Wyers' proposed constructions for the "lockingly engaging" term seeks to import the same limitations that it tries to import through the "integral lock" term. Accordingly, Wyers' arguments for this term are the same as those it makes on the "integral lock" term. The Court should reject Wyers' arguments for the "lockingly engaging" term for the same reasons it should reject Wyers' erroneous arguments for "integral lock."

Respectfully submitted,

Dated: February 12, 2014

   s/ Matthew J. Cavanagh
David B. Cupar

Andrew J. Petrie
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, Colorado 80202-5596
petriea@ballardspahr.com

Matthew J. Cavanagh
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5730 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for*
*Cequent Performance Products, Inc.*

---

[4] Copies of the cited patents are attached as Exhibits B-F, respectively.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2014, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following:

Aaron P. Bradford, Esq.
LATHROP & GAGE, LLP
950 Seventeenth Street
Suite 2400
Denver, Colorado 80202
abradford@lathropgage.com
t 720.931.3214
f 720.931.3201

*Counsel for*
*Plaintiffs*

　　　　　　　　　　　　　　　　　　   s/ Matthew J. Cavanagh
*Counsel for*
*Cequent Performance Products, Inc.*