**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-02640-REB
(consolidated with Civil Action No. 13-cv-02976-REB-KMT)

WYERS PRODUCTS GROUP, INC., a Colorado corporation, and
PHILIP W. WYERS,

Plaintiffs,

vs.

CEQUENT PERFORMANCE PRODUCTS, INC., and
CEQUENT CONSUMER PRODUCTS, INC.,

Defendant.

---

**ORDER CONCERNING MOTION TO DISMISS**
**& MOTIONS FOR SUMMARY JUDGMENT**
**ADDRESSING COLLATERAL ESTOPPEL**

---

**Blackburn, J.**

This matter is before the court on the following: (1) **Cequent Performance's Motion to Partially Dismiss Second Amended Complaint under Rule 12(b)(6)** [#139][1] filed April 7, 2014; (2) **Cequent Consumer's Motion to Partially Dismiss Second Amended Complaint under Rule 12(b)(6)** [#146] filed May 1, 2014; (3) **Defendants' Summary Judgment Motion** [#158] filed July 25, 2014; and (4) **Plaintiff's Motion for Summary Judgment Re: Issue Preclusion** [#159 - Level 1 restriction; #160 - redacted public version; #164 - public entry for #159] filed July 25, 2014. The parties filed relevant exhibits as well as responses [#147, #174, & #176] and

[1] "[#139]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

replies [#152, #187, & #188] addressing the corresponding motions and responses.

I grant the motion for summary judgment [#158] of the defendants to the extent that motion addresses the '115 patent at issue in this case. Granting that motion resolves the essentially identical issues raised in the motions to dismiss [#139 & #146] of the defendants. Therefore, I deny those motions as moot. Finally, I deny the motion for summary judgment of the plaintiffs [#159].

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (patent infringement).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(a); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 514 U.S. 1004 (1995). By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. ***See In re Ribozyme Pharmaceuticals,***

***Inc. Securities Litigation***, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. ***Concrete Works***, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).

## III. BACKGROUND

This patent infringement claims of the plaintiffs concern two patents, the ‘115 patent and the ‘121 patent. The plaintiffs, Wyers Products Group, Inc. and Philip Wyers (collectively Wyers), contend the defendants, Cequent Performance Products, Inc., and Cequent Consumer Products, Inc. (collectively Cequent) manufacture and sell products which infringe both patents. In this order, I address motions concerning the infringement claims related only to the ‘115 patent.[2]

The ‘115 patent concerns a receiver pin that holds a trailer hitch bar in a hitch receiver box. The receiver pin has sufficient strength to hold the hitch bar in place while a trailer is being towed. In addition, the receiver pin has a locking device which prevents removal of the pin and the hitch bar from the receiver box unless a key is used to unlock the receiver pin. Many locking receiver pins have all of these features. Figure 1 of the ‘115 patent, shown below, depicts the basics of this arrangement.

---

[2] In a separate order, I address motions concerning the infringement claims related to the ‘121 patent.




Wyers ‘115 patent - figure 1.

The automotive industry has developed two classes of hitch receiver boxes. A class II receiver is for light towing while a class III/IV receiver is for heavy towing. The aperture through which the hitch pin passes on a class II receiver is of a smaller diameter than the aperture through which the hitch pin passes on a class II/IV receiver. A class II receiver uses a one-half inch hitch pin, and a class III/IV receiver uses a five-eighths inch hitch pin. In either case, the pin must fit the aperture closely or snugly to ensure that the hitch bar does not move in the receiver box while towing a trailer. Such movement can cause the hitch pin to be sheared off in the hitch receiver.

The innovation claimed in the ‘115 patent is a locking hitch pin which can be used in both a class II receiver and in a class III/IV receiver. The thickness of the hitch pin is made adjustable by placing a sleeve over the pin for use in a class III/IV receiver, which has a larger hitch pin aperture, and by removing the sleeve for use in a class II receiver, which has a smaller hitch pin aperture. Figure 11 of the patent shows the hitch pin in a class II receiver, and Figure 12 of the patent shows the hitch pin in a class III/IV receiver. In Figure 12, the cross-hatched area labeled “52" depicts the sleeve placed over the one-half inch hitch pin to increase the diameter of that pin to five-

eighths of an inch so the combined pin and sleeve will fit closely or snugly in the five-eighths inch hitch pin aperture of a class III/IV receiver.




Wyers '115 patent - figures 11 & 12.

## IV. COLLATERAL ESTOPPEL & THE '115 PATENT

In its complaint [#133], Wyers alleges that the universal receiver lock or shank lock products manufactured and sold by Cequent infringe claims 23 and 27 of the '115 patent. In the motion for summary judgment [#158], Cequent contends collateral estoppel bars Wyers from asserting an infringement claim based on claims 23 and 27 of the '115 patent. This is true, Cequent asserts, because the United States Court of Appeals for the Federal Circuit effectively declared the '115 patent, including claims 23 and 27, to be invalid in ***Wyers v. Master Lock Co.***, 616 F.3d 1231 (Fed. Cir. 2010). In response, Wyers argues that claims 23 and 27 of the '115 patent were not addressed in ***Master Lock*** and, therefore, there is no basis to conclude, based only on ***Master Lock***, that claims 23 and 27 of the '115 patent are invalid.

The parties address these issues in three motions, (1) **Cequent Performance's Motion to Partially Dismiss Second Amended Complaint under Rule 12(b)(6)** [#139]; (2) **Defendants' Summary Judgment Motion** [#158]; and (3) **Plaintiff's Motion for Summary Judgment Re: Issue Preclusion** [#164 - public entry; #159 - Level 1 restriction]. In **Cequent Consumer's Motion to Partially Dismiss Second Amended Complaint under Rule 12(b)(6)** [#146], Cequent Consumer joins the motion [#139] of Cequent Performance. I have reviewed thoroughly all of the motions, the associated responses and replies, and the exhibits referenced in the motions.

A. Collateral Estoppel Principles

Collateral estoppel, or issue preclusion, bars a party from re-litigating an issue decided against that party in an earlier action. ***Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc***., 170 F.3d 1373, 1379 (Fed. Cir. 1999).

> Collateral estoppel will bar a claim if four elements are met: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

***Moss v. Kopp***, 559 F.3d 1155, 1161 (10th Cir. 2009). The terms "issue preclusion" and "collateral estoppel" are synonymous. ***Id***. n. 7.

The Supreme Court of the United States has held that once a patent claim is declared invalid, the patentee is collaterally estopped from asserting that patent claim against others. ***Blonder-Tongue Labs., Inc. v. Univ. of Illinois Foundation***, 402 U.S. 313, 350 (1971). Recently – and relevantly – the Federal Circuit held:

> Our precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the issues that were litigated that

> determines whether collateral estoppel should apply. If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies.

***Ohio Willow Wood Co. v. Alps South, LLC***, 735 F.3d 1333, 1342 (Fed. Cir. 2013) (citations omitted).

Application of collateral estoppel under ***Blonder-Tongue*** is an issue of patent law. Patent issues are matters within the exclusive jurisdiction of the Federal Circuit and, therefore, the law of the Federal Circuit is controlling. ***Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.***, 170 F.3d 1373, 1381 n. 4 (Fed. Cir. 1999). However, the application of general collateral estoppel principles, such as finality of judgment, is not a matter within the exclusive jurisdiction of the Federal Circuit. ***Id***. When general collateral estoppel principles are at issue, the law of the Tenth Circuit is controlling. ***Id***. Collateral estoppel is an affirmative defense for which Cequent has the burden of persuasion.

B. Application of Collateral Estoppel and ***Master Lock***

In ***Master Lock,*** Wyers claimed infringement of claims 15, 19, 21, and 24 of the '115 patent. The ***Master Lock*** court held that the sleeved hitch pin concept expressed in **Wyers'** '115 patent is not patentable because it is obvious, based on prior art. ***Master Lock***, 616 F.3d at 1237 - 1243, 1246 - 1247. The Federal Circuit agreed and invalidated claims 15, 19, 21, and 24 of the '115 patent.

The ***Master Lock*** holding is based in large part on prior art referred to as the Down patent. ***Id***. at 1241. The Down patent addresses the use of a pin in a trailer hitch designed for a trailers that attach to the hitch with a towing eye. ***Id***. The towing eye is placed between parallel flat lugs on the towing vehicle and the pin passes through holes

in the two flat lugs and through the towing eye. ***Id***. The Down patent acknowledges that "industry standards require hitch receivers to use pins of different sizes for different applications, thus resulting in inconvenience and added expense." ***Id***. The Down patent provides for the placement of sleeves over the pin to accommodate towing eyes of different sizes. "The Down patent clearly teaches that sleeves of different external diameter may be provided for the attachment of trailer towing eyes of different internal diameter." ***Id..*** (internal quotation omitted). After engaging in a detailed analysis of the Down patent and the claims at issue in the '115 patent, the ***Master Lock*** court held "it was a matter of common sense to combine the Down patent with the prior art barbell [hitch pin] locks in order to arrive at the invention claimed in the '115 and '426 patents. . . ." ***Id***. at 1243.

Cequent contends that the differences between the claims adjudicated in ***Master Lock*** and the claims at issue in this case do not materially alter the question of patent invalidity. Thus, Cequent contends collateral estoppel applies to the current infringement contentions of Wyers under claims 23 and 27 of the '115 patent. However, in the view of Wyers, claims 23 and 27 have language that differs materially from the claims at issue in ***Master Lock*** and, therefore, those claims present different issues of validity than those addressed in ***Master Lock***.

As noted in ***Master Lock***, considerations specified in ***Graham v. John Deere Co.***, 383 U.S. 1, 17 (1966) guide a determination of obviousness. ***Master Lock***, 616 F.3d at 1237. In our case, Wyers points to the following ***Graham*** factors, all of which were considered in ***Master Lock***: (1) the scope and content of the prior art, (2) the difference between the prior art and the claimed invention, (3) the level of ordinary skill

in the field of the invention, and (4) any relevant objective considerations of non-obviousness.

*i. Full & Fair Opportunity To Litigate*

Wyers contends it did not have a full and fair opportunity to litigate the issues presented by claims 23 and 27 in ***Master Lock***. The contentions of Wyers on this point are based on claimed changes in the applicable legal standards and the nature of the conclusions of the ***Master Lock*** court. I find that neither of these considerations shows that Wyers did not have a full and fair opportunity to litigate the specific patent validity issues, detailed below, in ***Master Lock***, and I expressly conclude to the contrary.

*ii. Claim 23 of the '115 Patent*

Addressing claim 23, Wyers argues that the Down patent does not teach a sleeve that must be close-fitted or snug for engagement in the hitch bar and receiver. Given this difference, Wyers asserts, ***Master Lock*** may not be read to invalidate claim 23. The ***Master Lock*** court addressed this issue:

> Wyers also asserts that the pin in the Down patent is not designed to fit tightly through a metal eye, while in the '115 and '426 sleeve patents, it fits snugly. However, we do not find these slight distinctions to be material.

***Id***. at 1243. Claim 23 also differs from Down and the issues in ***Master Lock***, Wyers contends, because the sleeve in Down provides a load bearing surface, but is not a load increasing structure. Wyers claims the sleeve specified in claim 23 is a load increasing structure. This assertion fails because nothing in the language of claim 23 addresses or implies a sleeve that is a load increasing structure. Further, the ***Master Lock*** court addressed this issue too

> (T)he claims do not require any particular resistance to shear forces or any particular towing strength associated with the towing pin or sleeve; the

sole benefit of the sleeve described in the patent is its size adaptability.

***Id***.

Finally, as to claim 23, Wyers argues that Down does not teach the removal of the sleeve for use in a wholly different hitch/bar receiver combination. However, claim 15, which was invalidated in ***Master Lock***, recites the use of a sleeve to vary the operative thickness of the hitch pin shank to fit different size hitch/bar receiver combinations. When the ***Master Lock*** court addressed and invalidated claim 15, that court addressed the issue of sleeve removal for the purpose of using a the pin in a different sized hitch mechanism. ***Id***. at 1241 - 1242. Thus, Wyers' argument fails.

The ***Master Lock*** court also addressed secondary considerations which sometimes can demonstrate non-obviousness. ***Id***. at 1245 - 1246. The ***Master Lock*** court found such secondary considerations to be of little consequence. "Here, where the inventions represented no more than the predictable use of prior art elements according to their established functions, the secondary considerations are inadequate to establish nonobviousness as a matter of law." ***Id***. At 1246.

Based on ***Master Lock***, I conclude that collateral estoppel bars Wyers from asserting infringement claims under claim 23 of the '115 patent. The differences between the un-adjudicated claim 23 of the '115 patent and the patent claims adjudicated in ***Master Lock*** do not materially alter the question of invalidity as to claim 23. ***Ohio Willow Wood Co. v. Alps South, LLC,*** 735 F.3d 1333, 1342 (Fed. Cir. 2013). As to claim 23, the issues of obviousness previously decided in ***Master Lock*** are identical to the issues presented in this case. The ***Master Lock*** case has been finally adjudicated on the merits. Wyers was a party in ***Master Lock***, and Wyers had a full and fair opportunity to litigate the issues in ***Master Lock***. Applying collateral

estoppel to claim 23 of the ‘115 patent, I conclude that claim 23 is invalid.

*ii. Claim 27 of the ‘115 Patent*

Cequent contends claim 27 is invalid because claim 24, a claim on which claim 27 is dependent, was invalidated in ***Master Lock***. In response, Wyers contends an additional specification in claim 27 distinguishes that claim from claim 24. “Because dependent claims contain additional limitations, they cannot be presumed to be invalid as obvious just because the independent claims from which they depend have properly been so found.” ***Sandt Technology, Ltd. v. Resco Metal and Plastics Corp.***, 264 F.3d 1344, 1356 (Fed. Cir. 2001). Wyers points to the limitation in claim 27 which provides that the length of the shank of the hitch pin and the length of the sleeve are substantially the same. This limitation, Wyers asserts, implicates new issues concerning differences from Down and objective indicia of non-obviousness.

However, in ***Master Lock***, the court addressed this issue:

> (I)n Down, the sleeve covers only the middle portion of the pin, whereas in the patents-in-suit, the sleeve covers the entire shank. Wyers also asserts that the pin in the Down patent is not designed to fit tightly through a metal eye, while in the ‘115 and ‘426 sleeve patents, it fits snugly. However, we do not find these slight distinctions to be material.

***Master Lock***, 616 F.3d at 1243.

Based on ***Master Lock***, collateral estoppel bars Wyers from asserting infringement claims under claim 27 of the ‘115 patent. The differences between the un-adjudicated claim 27 of the ‘115 patent and the patent claims adjudicated in ***Master Lock*** do not materially alter the question of invalidity as to claim 27. ***Ohio Willow Wood Co. v. Alps South, LLC,*** 735 F.3d 1333, 1342 (Fed. Cir. 2013). The conclusion of the ***Master Lock*** court as to secondary considerations, which sometimes can demonstrate non-obviousness, also applies to claim 27. ***Id***. at 1245 - 1246. As to claim

27, the issues of obviousness previously decided in ***Master Lock*** are identical the issues presented in this case. The ***Master Lock*** case has been finally adjudicated on the merits. Wyers was a party in ***Master Lock***, and Wyers had a full and fair opportunity to litigate the issues in ***Master Lock***. Thus, applying collateral estoppel to claim 27 of the '115 patent, I must conclude that claim 27 is invalid.

## V. CONCLUSION & ORDERS

Having reviewed carefully the claims of infringement of the '115 patent asserted in this case and the ruling of the Federal Circuit in ***Wyers v. Master Lock Co.***, 616 F.3d 1231 (Fed. Cir. 2010), I find and conclude that collateral estoppel bars the plaintiffs from asserting in this case infringement claims based on claims 23 and 27 of the '115 patent. Although claims 23 and 27 were not addressed directly in ***Master Lock***, the differences between claims 23 and 27 and the '115 patent claims adjudicated in ***Master Lock*** do not materially alter the question of invalidity. Applying collateral estoppel, I conclude that claims 23 and 27 of the '115 patent are invalid. Therefore, viewing the undisputed facts in the record in the light most favorable to the plaintiffs, there is no lawful basis on which the plaintiffs may assert infringement claims based on claims 23 and 27 of the '115 patent. I find and conclude that Cequent has demonstrated by clear and convincing evidence that claims 23 and 27 of the '115 patent are invalid based on the findings in and holding of the Federal Circuit in ***Wyers v. Master Lock Co.***, 616 F.3d 1231 (Fed. Cir. 2010).

**THEREFORE, IT IS ORDERED** as follows:

1. That under Fed. R. Civ. P. 56, the **Defendants' Summary Judgment Motion** [#158] filed July 25, 2014, is granted in part;

2. That all claims of the plaintiff in which the plaintiff asserts claims for

infringement of claims 23 and 27 of the ‘115 patent are dismissed;

3. That when judgment is entered in this case, judgment shall enter in favor of the defendants against the plaintiffs on all claims for infringement of claims 23 and 27 of the ‘115 patent;

4. That the contentions of the defendants in the **Defendants’ Summary Judgment Motion** [#158] filed July 25, 2014, concerning the ‘121 patent will be resolved in a separate order;

5. That **Cequent Consumer’s Motion to Partially Dismiss Second Amended Complaint under Rule 12(b)(6)** [#146] filed May 1, 2014, is denied as moot;

6. That **Cequent Performance’s Motion to Partially Dismiss Second Amended Complaint under Rule 12(b)(6)** [#139] filed April 7, 2014, is denied as moot; and

7. That under Fed. R. Civ. P. 56, the **Plaintiff’s Motion for Summary Judgment Re: Issue Preclusion** [#159 - Level 1 restriction; #160 - redacted public version; #164 - public entry for #159] filed July 25, 2014, is denied.

Dated March 30, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge