**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02640-REB-KMT
(consolidated with Civil Action No. 13-cv-02976-REB-KMT)

WYERS PRODUCTS GROUP, INC., a Colorado corporation, and
PHILIP W. WYERS,

    Plaintiffs,

vs.

CEQUENT PERFORMANCE PRODUCTS, INC., and
CEQUENT CONSUMER PRODUCTS, INC.,

    Defendant.

## ORDER FOR STATUS REPORT

**Blackburn, J.**

    This matter is before the court *sua sponte*. This case remains set for a jury trial to begin June 1, 2015. In view of that setting, a status report from the parties is necessary.

    In the **Order Concerning Motion to Dismiss & Motions for Summary Judgment Addressing Collateral Estoppel** [#205][1] and the **Order Construing Disputed Patent Claim Terms & Resolving Motions for Summary Judgment** [#206], both filed March 30, 2015, the court resolved all of the patent infringement claims of Wyers Products Group, Inc. and Philip W. Wyers (Wyers) concerning the '115 patent and the '121 patent owned by Wyers. In addition, the court resolved many of the patent

---

[1] "[#205]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

infringement claims asserted by Cequent Performance Products, Inc. and Cequent Consumer Products, Inc. (Cequent) concerning its '686 patent.

However, not all of the infringement claims of Cequent concerning the '686 patent were addressed in the motion for summary judgment of Cequent. Thus, those infringement claims were not resolved in the order [#206] resolving that motion. Rather, Cequent noted in its motion for summary judgment [#158], and the court noted in its order [#206], that Cequent indicates it will prove these additional infringement claims at trial. *Motion for summary judgment* [#158], p. 17, n. 6; *order* [#206], p. 24. No judgment has entered in this case.

With the remaining infringement claims of Cequent still pending, the court has maintained the June 1, 2015, trial setting. However, Wyers filed a **Notice of Appeal** [#207] on April 13, 2015. Given these circumstances, a joint status report from the parties is necessary to determine: (1) what infringement claims of Cequent concerning the '686 patent remain pending; (2) the amount of trial time reasonably necessary to resolve those claims; and (3) what effect, if any, the pending appeal has on the jurisdiction of this court to proceed to trial.

**THEREFORE, IT IS ORDERED** as follows:

1. That by May 11, 2015, the parties shall file a joint status report;

2. That the parties shall specify in the status report which infringement claims, if any, of Cequent concerning the '686 patent still are pending;

3. That the parties shall specify in the status report the number of trial days reasonably necessary to try the remaining infringement claims, if any, of Cequent

concerning the '686 patent; and

    4.  That the parties shall specify what effect, if any, the pending appeal has on the jurisdiction of this court to proceed to trial.

    Dated April 30, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge