IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02640-REB-KMT
(consolidated with Civil Action No. 13-cv-02976-REB-KMT)

WYERS PRODUCTS GROUP, INC. et al.,

       Plaintiffs,

v.

CEQUENT PERFORMANCE PRODUCTS, INC. et al.,

       Defendants.

---

## JOINT STATUS REPORT

---

As requested in the Court's April 30, 2015, minute entry, the parties submit this joint status report on the three issues identified in the Court's entry.

**1.**     **What infringement claims, if any, of Cequent's 686 patent are still pending.**

Cequent's Position: Whether Cequent will seek to prove infringement of Claims 6, 7, and 10-16 of the '686 patent (the claims pending after the Court's summary judgment ruling) depends on how the Court decides Cequent's pending motion in limine [#219]. Cequent's motion seeks to bar Wyers from presenting invalidity defenses at trial because Wyers abandoned them during discovery.

If the Court grants Cequent's motion, then Cequent will not seek to prove infringement of any of those remaining claims. If, however, the Court denies Cequent's motion and allows invalidity defenses at trial, then Cequent will seek to prove infringement of the remaining claims, as those claims are strong against Wyers' abandoned invalidity defenses.

{5497351:}

Wyers' Position:  Cequent asserts that Wyers' UMAX 50 and 100 additionally infringe claims 6, 7 and 10-16.  Wyers asserts that these claims are invalid due to prior inventorship under 35 U.S.C. § 102(g)(2) and as obvious under 35 U.S.C. § 103.   The basis for these defenses is set forth in Wyers' Motion to Reconsider Order Construing Disputed Patent Claim Terms & Resolving Motions for Summary Judgment, and the references cited therein.

**2.    Number of trial days reasonably necessary to try the remaining infringement claims.**

Cequent's Position: If the Court grants Cequent's motion in limine, Cequent estimates the parties will need 3-4 days for trial. If the Court denies Cequent's motion, Cequent estimates the parties will need 6-8 days for trial.

Wyers' Position:  Trial of the remaining issues will last 5 trial days.  The length of trial should not be impacted by the Court's ruling on Cequent's Motion in Limine or Wyers' Motion to Reconsider Order Construing Disputed Patent Claim Terms & Resolving Motions for Summary Judgment.  Wyers' defense to willfulness will include presentation of evidence supporting an objective good faith belief in a valid defense, including evidence of his prior inventorship.  In re Seagate Tech, LLC, 497 F.3d 1360 (Fed. Cir. 2007). This evidence is similarly relevant to the jury's consideration of a reasonable royalty.

**3.    The effect, if any, of Wyers' appeal on the Court's jurisdiction.**

The parties' joint position: Philip Wyers and Wyers Products Group dismissed their appeal, so that appeal has no effect on this Court's jurisdiction to proceed with trial.

Dated: May 11, 2015

  s/Aaron P. Bradford
Aaron P. Bradford
Cindy Pham
HOLLAND & KNIGHT
633 17th Street, Suite 2300
Denver, Colorado 80202
Phone: (303) 974-6642
Fax: (720) 974-6601
Aaron.Bradford@hklaw.com
Cindy.Pham@hklaw.com

*Attorneys for Plaintiffs Wyers Products*
*Group, Inc. and Philip W. Wyers*

Respectfully submitted,

  s/ Matthew J. Cavanagh
David B. Cupar
Matthew J. Cavanagh
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5730 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for*
*Cequent Performance Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2015, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following:

Aaron P. Bradford
Holland & Knight LLP
633 17th Street, Suite 2300
Denver, Colorado 80202
aaron.bradford@hklaw.com
t 303.974.6660
f 303.974.6659

*Counsel for Plaintiffs*

s/ Matthew J. Cavanagh
*Counsel for*
*Cequent Performance Products, Inc.*