**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-CV-02640-REB-KMT
(consolidated with Civil Action No. 13-CV-02976-REB-KMT)

WYERS PRODUCTS GROUP, INC., a Colorado corporation, and
PHILIP W. WYERS,

    Plaintiffs,

vs.

CEQUENT PERFORMANCE PRODUCTS, INC., and
CEQUENT CONSUMER PRODUCTS, INC.,

    Defendant.

## ORDER

**Blackburn, J.**

This matter is before me on the following: (1) **Wyers Products Group, Inc. and Philip Wyers' Motion for Clarification and Reconsideration of Order Construing Patent Claim Terms & Resolving Motions for Summary Judgment [#206]** [#222][1] filed May 11, 2015; and (2) **Cequent's Motion *In Limine* To Exclude Invalidity Defenses at Trial** [#219] filed May 8, 2015.  The parties filed responses [#230 & #233] to each motion.  I grant the motion *in limine* in part and deny it in part.  I grant the motion to reconsider in part and deny it in part.

This consolidated case concerns patent infringement claims asserted by Wyers Products Group, Inc. and Philip W. Wyers (collectively Wyers) and Cequent

---

[1] "[#222]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Performance Products, Inc. and Cequent Consumer Products, Inc. (collectively Cequent). At this point, only the claims asserted by Cequent in Civil Action No. 13-CV-02976-REB-KMT and the counterclaims of Wyers, asserted in its answer [#112] are at issue. All other claims have been resolved.

## I.  MOTION *IN LIMINE*

In its motion *in limine* [#219], Cequent seeks an order precluding Wyers from presenting at trial a prior inventorship defense under § 102(g)(2) and an obviousness defense under § 103. Cequent contends Wyers has not preserved these two defenses and should be barred from asserting these defenses at trial.

### A.  § 102(g)(2) Invalidity Defense - Prior Inventorship

As applicable in this case, 35 U.S.C. § 102 provides nine distinct defenses to a patent infringement claim. The relevant provisions of 35 U.S.C. § 102 were reorganized when certain aspects of the Leahy-Smith America Invents Act (AIA), Pub. L. No. 112-29, took effect on March 16, 2013. This case was filed before that date. The pre-AIA version of § 102 is applicable in this case, and, generally, the parties rely on the pre-AIA version of § 102.

At trial, Wyers seeks to present a defense that the Cequent '686 patent is invalid because Wyers is a prior inventor under the terms of § 102(g)(2) (pre-AIA version). Cequent moves to have Wyers barred from presenting this defense because Wyers has not preserved a § 102(g)(2) defense. On joint motion [#98] of the parties, the court set patent disclosure deadlines for the Cequent '686 patent. *Minute Order* [#124] filed February 20, 2014. Wyers had until February 4, 2014, to disclose its validity contentions concerning the '686 patent. *Id*. The Wyers invalidity contentions are attached to the motion *in limine* as [#219-1]. In its invalidity contentions, Wyers asserts

that "the '686 patent is invalid precisely because Wyers conceived and filed for the invention contained in the '686 patent well before Cequent, giving [Wyers] priority over the invention and invalidating the '686 patent." *Invalidity contentions* [#219-1], p. 2. Wyers asserts that the '686 patent is invalid under "35 U.S.C. §§ 102, 103 and 112." *Id.* Wyers then specifies that the '686 patent is invalid "as anticipated by the '121 patent under Section 102(a)(2)." *Id.* Of the nine defenses available under the pre-AIA version of § 102, § 102(a)(2) is the only defense specified by Wyers in its invalidity contentions. Wyers asserts also invalidity contentions of obviousness under § 103 and indefiniteness. *Id.*, pp, 2 - 3.

Section 102(a)(2), the section specified in the invalidity contentions of Wyers, is part of the post-AIA version of § 102, which took effect on March 16, 2013, and is not applicable to this case. Thus, a § 102(a)(2) defense may not be presented by Wyers in this case. Notably, a § 102(a)(2) defense is a prior filing defense similar to the prior filing defense under § 102(e)(2) of the pre-AIA version of § 102. I have granted summary judgment in favor of Cequent on the § 102(e)(2) prior filing defense of Wyers. *Order* [#206].

Section 102(g)(2) is not cited or otherwise specified anywhere in the invalidity contentions of Wyers and was not raised in the motion for summary judgment of Wyers. Because Wyers did not timely disclose and assert a § 102(g)(2) defense, Cequent contends, Wyers has waived that defense and may not present it at trial. I agree.

A requirement that parties to a patent case disclose infringement, non-infringement, and invalidity contentions is intended to require the parties to provide "early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the

3

course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." ***O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.***, 467 F.3d 1355, 1366 (Fed Cir. 2006) (addressing effect of district court local rules applicable to patent cases). "If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation." ***Id***. A requirement that the parties disclose their infringement contentions, non-infringement contentions, and invalidity contentions ensures that the parties "crystalize their theories of the case early in the litigation so as to prevent the shifting sands approach to claim construction" and to trial of the claims and defenses. ***See id***. at 1364.

Wyers claims it adequately disclosed a § 102(g)(2) defense in its answer [#112], its invalidity contentions [#219-1], and its ***Markman*** brief [#122]. Section 102(g)(2) is not specified anywhere in the portions of those documents cited by Wyers. A global citation to § 102, which contains nine, separate, invalidity defenses, is not sufficient to preserve all of those defenses. Rather, a party who wishes to rely on one or more of those nine defenses must specify which of those nine defenses it asserts. A lesser requirement does not require the parties to crystalize and disclose their theories of the case and would permit a party to specify one or more of the nine defenses after discovery is complete and on the eve of trial. Such an approach would leave discovery and trial preparation unfocused and inefficient, would prohibit resolution of specific § 102 defenses on summary judgment, and would not provide an opposing party reasonable notice of the specific defense or defenses asserted.

In essence, Wyers did not give Cequent timely notice that Wyers would pursue a

defense of invalidity under § 102(g)(2). Wyers did not raise this defense specifically until long after its invalidity contentions had been disclosed, discovery was complete, the motions for summary judgment were resolved, and the case was near to trial. Whether Wyers acted intentionally or through neglect in failing to timely specify a § 102(g)(2) defense, the effect is the same. "Waiver is accomplished by intent, but forfeiture comes about through neglect." *Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (internal quotation and citations omitted). Wyers has either waived or forfeited a § 102(g)(2) invalidity defense and Wyers may not present such a defense to the infringement claims of Cequent concerning the '686 patent.

### B. § 103 Invalidity Defense - Obviousness

Cequent contends Wyers should not be permitted to "resuscitate an obviousness defense it abandoned during discovery by not offering expert opinion on it." *Motion* [#219], p. 1. In resolving the § 102(e)(2) invalidity defense of Wyers on summary judgment, I concluded that the patent application of Wyers, which led to the '121 patent of Wyers, is not prior art which invalidates the '686 patent under § 102(e)(2). *Order* [#206], pp. 22 - 23. In its invalidity contentions, Wyers identifies other prior art in support of its invalidity contentions. *Invalidity contentions* [#219-1], pp. 2 - 7. Cequent contends Wyers should not be permitted to present an obviousness defense based on this other prior art because Mr. Wyers did not address this other prior art in his expert reports. The reports of Mr. Wyers are the only expert reports on which Wyers relies to establish invalidity.

Cequent seeks to bar Wyers from presenting an obviousness defense at trial because Wyers does not have adequate expert testimony to support this defense. Cequent seeks to limit the expert testimony of Mr. Wyers to opinions contained in the

5

disclosed expert reports of Mr. Wyers and argues those opinions are not sufficient to support the obviousness defense. In response, Wyers contends expert opinion is not necessary to support his obviousness defense.

Precluding Wyers from presenting an obviousness defense because of lack of sufficient evidence would be, in essence, a grant of summary judgment on this issue. On the extant record, I conclude that Wyers has preserved and pursued its obviousness defense. On the eve of trial, I will not assess the sufficiency of the evidence in support of that defense. These issues could and should have been raised on summary judgment; however, Cequent addressed these issues only in passing in its motion for summary judgment. *Cequent motion for summary judgment* [#158], pp. 19 - 20. Thus, the sufficiency of the evidence to support the obviousness defense of Wyers must and will be assessed at trial.

## C.  Independent Relevance of Invalidity Defenses & Admissibility of Expert Opinion

Wyers argues also that evidence of the invalidity defenses of Wyers is relevant to its laches, equitable estoppel, and non-willfulness defenses. In addition, Wyers contends its prior inventorship evidence, evidence in support of a § 102(g)(2) defense, is relevant to the calculation of a reasonable royalty, which is probative of damages. Thus, Wyers opposes the motion *in limine*.

These issues of relevance are evidence-driven and cannot be resolved with confidence until evidence is presented at trial.[2] Conceivably, evidence of one or more invalidity defenses may be relevant as posited by Wyers, even when the defense may not be asserted in response to the infringement claims of Cequent. Obviously, no trial

---

[2] Thus, I specifically discourage the filing of such motions in my Practice Standards. **See** REB Civ. Practice Standard IV.E.1.

6

evidence has been presented, and the manner and context in which this evidence may be brought forward remains uncertain. The relevance of the evidence in question, its potential to cause unfair prejudice or confusion, to mislead the jury, or to waste time all are matters that cannot be determined until the evidentiary landscape becomes clear at trial. Similarly, whether Wyers will offer undisclosed expert opinion testimony at trial also is an issue that cannot be determined until the evidentiary landscape becomes clear at trial. Therefore, I decline to rule on these issues in advance of trial.

## II.  MOTION TO RECONSIDER

The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

On March 30, 2015, the court issued its **Order Construing Disputed Patent Claim Terms & Resolving Motions for Summary Judgment** [#206]. In that order [#206], I addressed cross motions for summary judgment filed by Wyers and Cequent. The invalidity defenses at issue in the motion to reconsider [#222] are invalidity defenses Wyers claims it has asserted in response to the patent infringement claims made by Cequent, as plaintiff, against Wyers, as defendant. These infringement claims concern the '686 patent of Cequent.

In its motion for summary judgment [#163], Wyers sought summary judgment of

invalidity concerning the Cequent '686 patent on two bases.  First, Wyers argued the '686 patent is invalid under 35 U.S.C. § 102(e)(2) because the provisional patent application of Wyers, which led to the '121 patent of Wyers, is prior art as to the '686 patent of Cequent.  In addition, Wyers asserted, the '121 patent of Wyers anticipates the claims of the '686 patent of Cequent.  *Motion* [#163], pp. 5 - 8.  Second, Wyers argued interference under 35 U.S.C. § 291.  *Motion* [#163], pp. 8 - 9.  In its motion for summary judgment, Cequent sought summary judgment on the anticipation defense of Wyers under § 102(e)(2) and the interference defense under § 291.  *Cequent motion for summary judgment* [#158], pp. 18 - 20.  In my order [#206] resolving these motions, I ordered that "when judgment enters in Civil Action No. 12-cv-02640-REB-KMT, judgment shall enter in favor of the defendants [Cequent] on the claim of the plaintiffs [Wyers] that the '686 patent of the defendants [Cequent] is invalid."  *Order*, p. 25, ¶ 4.

### A.  § 102(g)(2) Invalidity Defense - Prior Inventorship

In its present motion, Wyers contends the court misapprehended

> the scope, evidence and legal support for Wyers' prior inventorship defense and counterclaim.  While the Court addressed 35 U.S.C. § 102(e) in its order, the Court did not address 35 U.S.C. § 102(g)(2), **Alexander Milburn** or Wyers' undisputed evidence establishing that he invented the unattended coupler lock before Cequent.

*Motion to reconsider* [#222], p. 3.[3]  Wyers notes in its present motion the significant distinctions between an invalidity defense under § 102(e) and an invalidity defense under § 102(g)(2).  *Motion to reconsider* [#222], pp. 5 - 6.  Wyers then argues that it has a viable invalidity defense under 102(g)(2) which was not addressed in my summary judgment order, remains unresolved, and may be argued at trial.

---

[3]  As noted previously, the relevant provisions of 35 U.S.C. § 102 were reorganized when certain aspects of the Leahy-Smith America Invents Act (AIA), Pub. L. No. 112-29, took effect on March 16, 2013.  This case was filed before that date.  Thus, the parties and the court refer to the pre-AIA version of § 102.

8

As discussed and resolved above, Wyers has waived or forfeited a defense under § 102(g)(2). Thus, there is no basis on which to reconsider my summary judgment order [#206] to preserve a § 102(g)(2) defense for Wyers.

### B. § 103 Invalidity Defense - Obviousness

In its motion for summary judgment [#158], Cequent addressed very briefly the obviousness defense of Wyers. *Cequent motion for summary judgment* [#158], pp. 19 - 20. Wyers asserts this defense against the patent infringement claims of Cequent based on the '686 patent of Cequent. Wyers raised the obviousness defense only obliquely in its motion for summary judgment of invalidity concerning the '686 patent. *Wyers motion for summary judgment* [#163], p. 9. Accordingly, in my summary judgment order [#206], I did not address the § 103 obviousness defense. In its motion to reconsider [#222], Wyers asks that I reconsider my order [#206] granting summary judgment in favor of Cequent on all of the invalidity defenses asserted by Wyers. Wyers asks that my order [#206] be reconsidered so that order does not bar presentation of its obviousness defense at trial.

My order [#206] addressing the motions for summary judgment addressed specifically two invalidity defenses asserted by Wyers concerning the infringement claims of Cequent based on the Cequent '686 patent. Those defenses are prior art and anticipation under 35 U.S.C. § 102(e)(2) and interference under 35 U.S.C. § 291. The § 103 obviousness defense was not addressed and resolved in my order. However, in the conclusion of my order [#206], I ordered that "when judgment enters in Civil Action No. 12-cv-02640-REB-KMT, judgment shall enter in favor of the defendants [Cequent] on the claim of the plaintiffs [Wyers] that the '686 patent of the defendants [Cequent] is invalid." *Order Construing Disputed Patent Claim Terms & Resolving Motions for*

*Summary Judgment* [#206] filed March 30, 2015, p. 25, ¶ 4. In retrospect, I conclude that this language is too broad because it effectively grants summary judgment in favor of Cequent on the § 103 obviousness defense of Wyers, a defense which remains viable.

Given these circumstances, I conclude that my order [#206] directing the entry of judgment in favor of Cequent on the claim of Wyers that the '686 patent is invalid is too broad. That order should be limited to the two invalidity defenses explicitly addressed in the summary judgment briefing and resolved in my order [#206], prior art and anticipation under 35 U.S.C. § 102(e)(2) and interference under 35 U.S.C. § 291. An order which resolves other invalidity defenses constitutes clear error because such an overly-broad order would preclude the assertion by Wyers of any viable invalidity defense not resolved on summary judgment. To that extent, I grant the motion to reconsider.

### III.  CONCLUSION & ORDERS

Because Wyers has waived or forfeited its invalidity defense under 35 U.S.C. § 102(g)(2), Wyers shall be precluded from presenting at trial evidence in support of this defense. To that extent, the motion *in limine* [#219] of Cequent is granted. Otherwise, the motion *in limine* is denied.

In my order [#206] resolving the motions for summary judgment, I addressed and resolved the motions for summary judgment as to two invalidity defenses asserted by Wyers, prior art and anticipation under 35 U.S.C. § 102(e)(2) and interference under 35 U.S.C. § 291. However, in granting summary judgment, I ordered the entry of summary judgment in favor of Cequent "on the claim of the plaintiffs that the '686 patent of the defendants is invalid." *Order Construing Disputed Patent Claim Terms & Resolving*

*Motions for Summary Judgment* [#206] filed March 30, 2015, p. 25, ¶ 4.  That portion of my order [#206] was entered in error because it improperly includes the § 103 invalidity defense of obviousness asserted by Wyers, a defense not addressed or resolved in my order [#206].  Thus, I grant the motion to reconsider in part to make clarify my order granting summary judgment as to invalidity defenses.  Otherwise, the motion to reconsider is denied.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That **Cequent's Motion *In Limine* To Exclude Invalidity Defenses at Trial** [#219] filed May 8, 2015, is granted to the extent that Wyers shall be precluded from presenting at trial evidence in support of an invalidity defense under 35 U.S.C. § 102(g)(2);

      2.  That otherwise, **Cequent's Motion *In Limine* To Exclude Invalidity Defenses at Trial** [#219] filed May 8, 2015, is denied;

      3.  **That Wyers Products Group, Inc. and Philip Wyers' Motion for Clarification and Reconsideration of Order Construing Patent Claim Terms & Resolving Motions for Summary Judgment [#206]** [#222] filed May 11, 2015, is granted in part;

      4.  That the language in paragraph number four (4) on page 25 of the **Order Construing Disputed Patent Claim Terms & Resolving Motions for Summary Judgment** [#206] filed March 30, 2015, is supplanted and superseded by the following language:

> That when judgment enters in Civil Action No. 12-cv-02640-REB-KMT, judgment shall enter in favor of Cequent Performance Products, Inc. and Cequent Consumer Products, Inc. and against Wyers Products Group,

Inc. and Philip W. Wyers on the invalidity defense of Wyers asserting prior art and anticipation under 35 U.S.C. § 102(e)(2) and in the invalidity defense of Wyers asserting interference under 35 U.S.C. § 291;

5.  That otherwise, **Wyers Products Group, Inc. and Philip Wyers' Motion for Clarification and Reconsideration of Order Construing Patent Claim Terms & Resolving Motions for Summary Judgment [#206]** [#222] filed May 11, 2015, is denied.

Dated June 1, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge